BIANCHI, DEMANDANTE Y APELANTE, *v.* PIERAZZI ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre tercería de mejor derecho.

No. 1619.—Resuelto en julio 20, 1917.

TERCERÍA DE MEJOR DERECHO—PREFERENCIA DE CRÉDITOS—CUESTIÓN ACADÉMICA.—
En este caso el acreedor hipotecario poseía dos créditos contra el mismo deudor y propiedad: el primero fué en su oportunidad inscrito en el registro, pero a pesar de estar vencido no ha sido ejecutado; y el otro, aunque otorgado con anterioridad a un embargo de un acreedor por sentencia contra el mismo deudor, fué presentado al registro tres horas después que la orden de embargo. Al anunciar el márshal la venta en ejecución de la sentencia, el acreedor hipotecario inició este pleito contra el acreedor por sentencia y el deudor quien está en posesión de la propiedad, para que se declarara que sus hipotecas, la

segunda de las cuales no está vencida aún, tienen preferencia sobre el embargo. *Se resolvió:* que la cuestión sometida era académica.

ID.—OBLIGACIÓN A CUMPLIR.—Es regla general que nadie puede estar sometido a un pleito con éxito, a menos que esté sujeto a alguna obligación para con el demandante, que haya dejado de cumplir.

ID.—IDEA DE LA MISMA.—La idea de una tercería de mejor derecho es la de que un derecho que actualmente se tiene y trata de ponerse en ejecución queda interrumpido por una persona que alega un mejor derecho.

TRIBUNALES—CUESTIONES ESPECULATIVAS O ABSTRACTAS—CONTROVERSIAS ENTRE PARTES.—Las cortes no están constituídas con el fin de resolver cuestiones de derecho especulativas y abstractas, o para establecer reglas que sirvan de norma futura a las personas en sus negocios y relaciones sociales; sino que están limitadas en su acción judicial a las verdaderas controversias en que necesariamente están envueltos los derechos legales de las partes y que pueden ser resueltos concluyentemente.

HIPOTECA—VENTA—RECURSOS DEL ACREEDOR HIPOTECARIO.—Bajo las llanas disposiciones de la Ley Hipotecaria, muchas veces declaradas por las cortes, el comprador de una propiedad hipotecada, en cuanto a ésta se refiere, se coloca en la misma situación que el deudor; esto es, al vencimiento de la hipoteca, los recursos del acreedor hipotecario contra el comprador serán exactamente los mismos que si ellos fueran contra el deudor.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Tomás Castillo.*

Abogados de los apelados: *Sres. José y Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Fernando Trublard, al iniciarse este pleito, era el dueño de una parcela de terreno en el Distrito Judicial de Ponce. La propiedad no estaba libre de gravámenes por cuanto Antonio Bianchi poseía una hipoteca contra ella por la suma de novecientos dólares, más o menos, que había vencido en 1911, y cuya hipoteca por razones silenciadas, posiblemente por pago de intereses y renovaciones, no había sido nunca ejecutada. Dicha hipoteca fué debidamente inscrita en el registro de la propiedad. Pero Antonio Bianchi era dueño de otro crédito hipotecario contra dicha propiedad y deudor, por la suma de dos mil quinientos dólares, más o menos, a vencer el 26 de agosto de 1918, el cual aunque otorgado en 26 de agosto de 1913, por olvido, sino por descuido, no fué inscrito hasta el 7 de abril de 1914. Tres horas antes de haber sido presentada para su inscripción dicha hipoteca, fué presentada

en el Registro de Ponce por el márshal de la corte de distrito una orden de dicha corte embargando dicha propiedad para responder de la efectividad de la sentencia en un pleito comenzado contra dicho Trublard por Nereo Pierazzi, para recobrar la suma de dos mil ciento dos dólares, ochenta y siete centavos, intereses y costas.　Nereo Pierazzi obtuvo su sentencia, y el márshal había anunciado una venta en ejecución de dicha sentencia.　De ahí este pleito.

Ahora bien, mientras Bianchi, Pierazzi, sus respectivos abogados, y las decisiones de esta corte, por no decir nada de la Ley Hipotecaria ni de la ley en general, todos declaran que las hipotecas de Bianchi tienen preferencia sobre el embargo de Pierazzi, no obstante, Bianchi insiste en que él tiene derecho a una sentencia que declare tal preferencia.　En otras palabras, él pidió que la Corte de Distrito de Ponce resolviera que el artículo 44 de la Ley Hipotecaria era verdadero y no falso.　La Corte de Distrito de Ponce resolvió que la cuestión era académica, y dictó sentencia sobre las alegaciones en favor de Pierazzi.

La teoría del demandante, o al menos una de las teorías, es que la corte al hacer la declaración tan insistentemente solicitada evitará molestias a otros acreedores y al demandante asimismo.　En el párrafo noveno de la demanda el demandante se encuentra asimismo bajo la imperiosa necesidad, con objeto de evitar ulteriores disputas judiciales, en defensa de su derecho si la propiedad pudiera ir a manos de una tercera persona, de solicitar un pronunciamiento conclusivo que las hipotecas del demandante tienen preferencia. Lo que él está realmente pretendiendo es una clase de *injunction* moral, para impedir a alguien de obstaculizar el presente *status quo* de Trublard en la posesión de la propiedad.　Por la obstinación de Pierazzi, inferimos de la demanda, que no está satisfecho con que las hipotecas de Bianchi excedan el valor de la propiedad, sino que insiste en la venta.　Bianchi dice que la propiedad no excede el valor y sostiene que la ejecución de la sentencia contra esta propiedad sería vana e

inútil. Pero está perfectamente claro que si existe una venta y Pierazzi o cualquier otro desea comprar el terreno, sujeto como está a la hipoteca, él tiene un perfecto derecho de hacerlo así. Bajo las llanas. disposiciones de la Ley Hipotecaria, muchas veces declaradas por las cortes, el comprador, en cuanto se refiere a la propiedad, se coloca en la misma situación que el deudor. Cuando venzan las hipotecas, o cualquiera de ellas, los recursos de Bianchi contra el comprador son exactamente los mismos que si ellos fueran contra Trublard.

. El apelante insiste en que bajo la Ley Hipotecaria antiguamente un aviso hubiera sido dado al tiempo de la venta notificando al presunto comprador que la propiedad estaba sujeta a las hipotecas, pero tal aviso no existe hoy día. El dice que el márshal no sabe y no puede saber hoy en día del estado de la propiedad y no puede. dar aviso. Pero el único manifiesto .objeto de este pleito, frecuentemente repetido en la demanda, es que la corte declarase la preferencia. El márshal no fué hecho parte en el pleito, ni se utilizó ningún medio para asegurar que el márshal hiciera tal anuncio al verificarse la venta.

El apelante alega que uno de los objetos del pleito es. el de llevar a informe de futuros compradores el conocimiento de la condición de las cosas. Este conocimiento, altruista como puedan ser las intenciones del demandante, se presume que lo. tienen los compradores por ministerio de ley. Este no es en ningún sentido un pleito. contra ningún comprador conocido. Aun suponiendo que alguien comprara la propiedad, a pesar de la solemne declaración de la corte de distrito que las hipotecas de Bianchi tuvieran preferencia, tal comprador tendría, sin embargo, si él reclamara una preferencia, derecho a su día en corte. El no estaría impedido por la sentencia en este caso. La sentencia podría sólo declarar la preferencia en un pleito contra Pierazzi, quien directamente admite, como la sentencia lo implica, la verdad de cada exposición material de hechos en la demanda. La sentencia pre-

tendida no podría servir el objeto de Bianchi.   Ella no. daría noticia especial a posibles compradores.

Si el apelante tuviera razón en este caso, entonces cada vez que un acreedor por sentencia deseare ejecutarla sobre una parcela de terreno hipotecada, debidamente inscrita, un pleito podría presentarse contra él.   Es importante que nos coloquemos en la posición del acreedor por sentencia.   ¿Qué le importaría a él en este caso que el acreedor hipotecario dejara de registrar su hipoteca?   ¿Podría la negligencia del acreedor hipotecario dar a éste el derecho que de otro modo no tendría de sujetar al acreedor por sentencia a las molestias y gastos en defender un pleito?   Evidentemente que no. Así, si el acreedor hipotecario tiene un derecho, éste debe arrancar de algo independientemente de su propia negligencia.   La regla general es que nadie puede estar sometido a un pleito con éxito a menos que esté sujeto a alguna obligación para con el demandante, que haya dejado de complir.   ¿Qué obligación tiene Pierazzi para con Bianchi?   ¿Existe alguna relación secreta entre ellos?   Volvemos hacia las manifestaciones en que insiste el apelante en su alegato de que el valor de la propiedad es menor que el valor de las hipotecas.   A los fines del pleito, aunque dudamos de su materialidad, la opinión invocada sobre la evidencia puede ser admitida.   Sin embargo, cualquier acreedor por sentencia podría ejecutarla sobre la propiedad, comprarla si no existe oposición, y gozar los frutos consiguientes, hasta que comenzara un procedimiento hipotecario.   La propiedad podría aumentar en valor; Pierazzi podría tener conocimiento de una mina de oro.   El podría desear la propiedad en particular por saber que va a ser expropiada para un camino público.   Bianchi podría asistir a la venta y comprarla para sí mismo.   Si él prefiere su hipoteca, él no está bajo ninguna obligación de comprarla; pero la oportunidad es de él.   De cualquier modo el exceso de las hipotecas sobre el valor de la propiedad nunca crearía en un deudor por sentencia el deber de abstenerse de la ejecución sobre la propiedad.

Puede ser que el principal fundamento para la decisión de la Corte de Distrito de Ponce es que el demandante no ha alegado que él tenga alguna reclamación actual inmediata contra Trublard. La segunda hipoteca, la que causó el móvil por no haber sido inscrita, no está vencida aún. No existe ninguna alegación de que la otra hipoteca es pagadera. De cualquier modo, el acreedor hipotecario no está intentando ejecutar ninguna de las hipotecas. La idea que tenemos de una tercería de mejor derecho es la de que un derecho que actualmente se tiene y trata de ponerse en ejecución, queda interrumpido por una persona que alega un mejor derecho. En este caso no hay ningún derecho actual. Ni siquiera una reclamación adversa. Todo el derecho alegado es eventual y futuro. La frivolidad está aún más acentuada por el hecho de que otro acreedor por sentencia, que tratara de ejecutar, tendría que pasar por la misma prolijidad. Una causa de acción debe hacer referencia a una verdadera controversia. Las cortes no están constituídas con el fin de resolver cuestiones de derecho especulativas y abstractas, o para establecer reglas que sirvan de norma futura a las personas en sus negocios y relaciones sociales; sino que están limitadas en su acción judicial a las verdaderas controversias en que necesariamente están envueltos los derechos legales de las partes y que pueden ser resueltos concluyentemente. 1 R. C. L. 317. En este caso no podía surgir ninguna determinación concluyente.

Quizás, si Pierazzi intentara ejecutar la propiedad, sosteniendo que su embargo tenía preferencia sobre la segunda hipoteca, o estuviera siquiera anunciando en venta la dicha propiedad sujeta solamente a la primera hipoteca, alguna clase de acción tendría Bianchi, porque hubiera sido el deber de Pierazzi conocer el estado de las hipotecas inscritas antes de seguir adelante la venta. Pero esto es enteramente especulativo, y no existen hechos en la demanda que justifiquen esta posición. Por el contrario, en su moción para que se dicte sentencia sobre las alegaciones Pierazzi expresamente

y sin distinciones admite la preferencia de Bianchi y él está obligado por ello.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison, habiendo firmado este último "conforme con la sentencia."