· Rosenstadt & Waller, Inc., Recurrente, *v.* El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama a una escritura de contrato de refacción.

No. 578.—Resuelto en noviembre 19, 1923.

Hipoteca—Distribución de la Responsabilidad Hipotecaria.—Una garantía hipotecaria por la cual el deudor se obliga a pagar al acreedor refaccionario un dólar por cada quintal de fruto producido en la finca refaccionada en caso de que el deudor opte por venderle el fruto a tercera persona y no al acreedor, no es inscribible por no determinarse específicamente la cantidad que se garantiza por la hipoteca.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. A. Mena.*

El registrador recurrido no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Rosenstadt & Waller celebraron un contrato de refacción agrícola con Valeriano Santos, por el cual el segundo hipotecó su plantación para responder de anticipos de $1,000 para llevar a cabo su cosecha de 1924. Hubo varias estipulaciones secundarias entre las partes y Santos se comprometió a vender todo su tabaco para dicho año a la referida Rosenstadt & Waller. La cláusula octava del contrato de refacción prescribe, entre otros particulares, lo que sigue:

"En caso de que el tabaco depositado fuere vendido a tercera persona, la compañía percibirá en concepto de indemnización la cantidad de un dollar por cada quintal de tabaco producido en dicha plantación, entendiéndose que esta cantidad cubre cualquier perjuicios que la compañía pudiera sufrir por dejar de obtener el tabaco."

Al ser presentada al Registrador de la Propiedad la escritura que contenía el precedente contrato, fué inscrita en el libro de contratos de refacción agrícola. Asimismo inscribió la hipoteca en el registro de la propiedad en tanto

garantizaba la suma de $1,000 de refacción, pero denegó la inscripción en cuanto a la garantía establecida para la indemnización de un dollar por cada quintal de tabaco que se vendiera a un tercero ''por no determinarse la cantidad que se garantiza por la hipoteca.''

Expresa el recurrente que el contrato es uno lícito y que el defecto no existe puesto que no hay precepto alguno que prohiba a los interesados hacer la distribución del capital, intereses y costas que tengan por conveniente, siempre que resulte bien determinada la responsabilidad de la finca, y cita al efecto las resoluciones de la Dirección General de los Registros y del Notariado de España de febrero 9 de 1898 y de febrero 19 de 1904.

· Ahora bien, aunque en la escritura se fija cierta suma para principal, intereses y costas, y se distribuye en la propiedad no hay absolutamente ninguna determinación o límite de la suma por la cual el deudor de la propiedad será responsable en caso de que dicho deudor vendiese toda o parte de su cosecha a alguna otra persona.

Debe notarse que en la escritura se estipula lo necesario en cuanto a la devolución del capital, intereses y costas, y que el dollar por quintal es una cláusula penal independiente que descansa en la obligación contraída por el deudor de no vender su cosecha a ninguna otra persona. La propuesta responsabilidad es general y no se determina en la escritura.

Aunque, tal vez, un contrato donde se estipule no vender una cosecha específica es uno lícito, sin embargo, cuando se trata de fijar una responsabilidad por las cantidades por las cuales ha de responder la finca, esto debe expresarse. *Non constat* que el deudor podría desear constituir una segunda hipoteca y el propuesto acreedor hipotecario nunca estaría en condiciones de saber el alcance de las obligaciones contraídas anteriormente.

La ley de 1910 y 1911, Compilación, página 11 y siguientes, en el artículo 5, prescribe que el préstamo agrícola puede contener cualesquiera pactos lícitos, pero el artículo 6, que abarca la inscripción en el Registro de la Propiedad, a diferencia del registro de préstamos agrícolas prescribe que cuando el contrato comprende la constitución, modificación o extinción de un derecho real, habrá de inscribirse de acuerdo con las prescripciones de la ley hipotecaria.

La ley hipotecaria y su reglamento en varios artículos exigen que la suma por la cual una finca ha de responder debe ser especificada en la escritura.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.