THE UNITED PORTO RICAN BANK, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 722.—*Sometido:* Mayo 22, 1928. *Resuelto:* Junio 8, 1928.

*Joaquín Vendrell*, abogado del recurrente; el registrador, recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Bosch Brothers, sociedad mercantil, es dueña de una

finca rústica de 107 cuerdas y 27 centésimas en Cayey. Para preparar, sembrar y cultivar caña de azúcar en cincuenta cuerdas de esa finca, para las zafras de 1929 y 1930, necesitó Bosch Brothers fondos, y acudió a The United Porto Rican Bank que, por escritura otorgada ante el notario don Joaquín Vendrell en 31 de enero de 1928, convino en conceder a Bosch Brothers un crédito refaccionario para tal fin, apareciendo de la cláusula B de la copia de la escritura ante nosotros que el crédito se da para atender a los gastos de preparación del terreno, siembra, sostenimiento, cultivo, recolección y administración de las cañas sembradas en la finca para la zafra de mil novecientos veinte y nueve, hasta la suma de cincuenta dollars por cada cuerda sembrada de cañas de gran cultivo o plantilla, y de veinte y cinco dollars por cada cuerda cuando las cañas tengan la condición de retoños. Se obligó el Banco citado a entregar las sumas en cantidades parciales, según se necesitaran para el cultivo, reservándose el derecho de inspección de las plantaciones, y la prestataria a pagar con el azúcar que produjeran las cañas sembradas para la zafra de 1929, cuya azúcar se entregaría a la citada institución bancaria, aunque el número de cuerdas sembradas excediera al señalado en el contrato. Y asimismo se reservó The United Porto Rican Bank el derecho de administrar las cañas sembradas para la zafra de 1929, si la prestataria agotase el importe del préstamo refaccionario que le concedía; y la opción para anticipar a tal prestataria las sumas necesarias para terminar la recolección y corte y demás gastos, cargando las tales sumas a la cuenta de refacción. Y en cuanto a la liquidación, se hizo constar lo que sigue:

"(F)—La liquidación y pago del préstamo refaccionario concedido a la Sociedad Mercantil Bosch Brothers por The United Porto Rican Bank, de todos los gastos o anticipos que en exceso de esta suma haya suplido el Banco acreedor a la referida Sociedad Mercantil, de conformidad con la cláusula anterior, así como, de los intereses al nueve por ciento anual sobre el importe total que re-

sulte, se llevará a efecto el día treinta de junio de mil novecientos veinte y nueve, y cuya fecha se fija para el vencimiento definitivo de este contrato, comprometiéndose la Sociedad Mercantil Bosch Brothers a suscribir pagarés a favor del Banco acreedor por las cantidades que reciba a cuenta del préstamo refaccionario.''

Presentada la escritura al Registro de la Propiedad de Guayama, para anotación en el registro de contratos agrícolas, el registrador puso la siguiente nota:

''Anotado en el Registro de Contratos Agrícolas el presente documento, con vista de otro complementario y sólo en cuanto al capital del préstamo refaccionario concedido, al folio 50 vto. del tomo 11 de Cayey, finca No. 424, anotación B; denegándose la anotación en cuanto a las sumas que se concedieron en exceso del préstamo así como en cuanto a los intereses, por no determinarse cantidad alguna para garantizar esos extremos y se toma en su lugar anotación preventiva, por 120 días, en la misma anotación.''

Contra esa nota se interpone el presente recurso.

■■ La nota del registrador es correcta. El contrato de refacción, o debe tener cantidad determinada al empezar la refacción, o debe fijarse en él una forma de liquidar exacta y precisa. Sólo de esa manera se fija el gravamen que ese contrato significa, y se cumple con el principio de especialidad, en toda su extensión. Sólo así puede el tercero que con relación a esa finca vaya a contratar, tener conocimiento cabal de las responsabilidades de carácter real que afectan a la finca.

El artículo 1 de la Ley sobre refacción agrícola al definir el dicho contrato habla de que una de las partes recibe, con carácter devolutorio, determinadas cantidades. La determinación es requisito exigido por la ley.

En la resolución en el caso *Rosenstadt & Waller, Inc.* v. *Registrador de Guayama*, 32 D.P.R. 475, ha dicho este tribunal:

''La ley de 1910 y 1911, Compilación, página 11 y siguientes, en el artículo 5, prescribe que el préstamo agrícola puede contener cualesquiera pactos lícitos, pero el artículo 6, que abarca la inscrip-

ción en el Registro de la Propiedad, a diferencia del registro de préstamos agrícolas prescribe que cuando el contrato comprende la constitución, modificación o extinción de un derecho real, habrá de inscribirse de acuerdo con las prescripciones de la ley hipotecaria.

"La ley hipotecaria y su reglamento en varios artículos exigen que la suma por la cual una finca ha de responder debe ser especificada en la escritura."

Es claro que este tribunal sostiene la vigencia de la Ley Hipotecaria, en sus principios fundamentales, tales como aparecen traducidos en los artículos de la misma, y en el reglamento.

*Debe confirmarse la nota recurrida.*