NICOLÁS ORTIZ LEBRÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 834.—*Sometido:* Febrero 12, 1931. *Resuelto:* Junio 15, 1931.

*Luis E. Dubón* y *B. Sánchez Castaño,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El recurrente Don Nicolás Ortiz Lebrón se comprometió por escritura pública a entregar a Don Felipe Rivera Zayas y su esposa Doña Concepción Mendoza Dávila hasta la cantidad de $2,240 para siembra, cultivo y recolección del tabaco que habrían de sembrar en finca de su propiedad, cuya cantidad le iría entregando de acuerdo con las necesidades y gastos del cultivo y en la forma y manera que de mutuo acuerdo conviniesen. En esa escritura Don Felipe Rivera Zayas por sí y como apoderado de su esposa constituyó un gravamen refaccionario sobre todo el tabaco que se cosechase durante el año 1931, comprometiéndose a devolver dicho dinero el día 30 de junio de 1931 con intereses en caso de mora al doce por ciento anual y $300 que se calcularon para costas, gastos y honorarios de abogado en caso de reclamación judicial. Y en el mismo documento constituyó el Sr. Rivera Zayas hipoteca sobre dos fincas del matrimonio a favor del Sr. Ortiz Lebrón.

Presentado ese contrato en el registro de la propiedad fué inscrita la hipoteca pero la inscripción del contrato de refacción agrícola fué negada porque el poder otorgado por Doña Concepción Mendoza Dávila a favor de su esposo no contiene cláusula alguna que expresamente faculte y autorice a éste para la celebración de contratos agrícolas, y por observarse, además, que no se consigna cantidad alguna específica para los intereses de mora.

■ Esa resolución motiva el presente recurso gubernativo en el que reconoce el recurrente que el marido necesita poder expreso de su consorte para gravar dichas plantaciones por tener éstas el carácter de bienes inmuebles según el No. 2 del artículo 335 del Código Civil y pertenecer a la sociedad de gananciales, pero alega que el poder conferido por Doña Concepción Mendoza Dávila a su esposo lo faculta expresa y específicamente para gravar las plantaciones, pues en dos de sus cláusulas se dice lo siguiente:

"Cuarto: Para que tome a préstamo las cantidades que crea necesarias para la debida administración y funcionamiento de dichas propiedades de la sociedad de gananciales entre ambos existente, y la refacción de los frutos de las mismas, por el término, interés y condiciones que le parezcan razonables.

"Quinto: Para que en garantía de las deudas de dicha sociedad de gananciales, ya contraídas o que se hayan de contraer en el futuro, constituya hipotecas o cualesquiera otros gravámenes sobre los bienes inmuebles de tal sociedad de gananciales, o sobre los frutos de dichos bienes, según fuere procedente, por el tiempo y condiciones que estime convenientes."

Según esas cláusulas la mujer confirió poder a su marido para tomar a préstamo la refacción de los frutos de sus fincas y para constituir hipoteca o cualesquiera gravámenes sobre los bienes inmuebles de la sociedad de gananciales o sobre los frutos de dichos bienes.

Dice el registrador, y es cierto, que los mandatos deben ser interpretados restrictivamente y que en los poderes expresos deben consignarse la clase de actos para los cuales

se faculta al apoderado, pero en este caso el poder faculta expresamente a Don Felipe Rivera Zayas para constituir hipotecas o cualesquiera otros gravámenes sobre los frutos de los bienes de la sociedad conyugal; palabras que son bastantes para el acto realizado por el marido de gravar el tabaco que se sembrara, aunque no diga que lo autoriza para gravar los bienes en un contrato de refacción, pues esa facultad está conferida al autorizarlo para tomar dinero a préstamo para refacción de los frutos y para gravar éstos, ya que tales actos son las características del contrato de refacción agrícola.

Con respecto a la negativa de inscribir la garantía por intereses de mora nos parece que el registrador está en lo cierto.

En el registro deben aparecer responsabilidades concretas, y no es suficiente la de que los intereses serán del 12 por ciento cuando, como en este caso, no se sabe las cantidades que cada vez serán entregadas, si al vencimiento del contrato de préstamo se habrá agotado o no el crédito y por tanto se ignoraría su saldo en el registro. Tampoco aparece del contrato de refacción el tiempo en que habrán de incurrir en mora los obligados. Un caso idéntico es el de *The United Porto Rican Bank* v. *Registrador,* 38 D.P.R. 350.

*La nota recurrida debe ser revocada en cuanto niega la inscripción del contrato, la que debe hacerse, y confirmarse en cuanto a la no inscripción de intereses de mora.*