Yabucoa Sugar Company, demandante y apelada, *v.* United Porto Rican Bank, Eusebio Benítez Carrillo y su esposa Carmen Cintrón, demandados y apelante la primera.

No. 5166.—*Sometido:* Junio 26, 1930. *Resuelto:* Julio 24, 1931.

758

*Henry G. Molina,* abogado de la apelante; *González Fagundo & González Jr.,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El 21 de diciembre de 1928 el United Porto Rican Bank entabló una acción en la Corte de Distrito de Humacao contra Eugenio Benítez Carrillo en reclamación de $7,186.84 como balance de un contrato de refacción celebrado el 5 de julio de 1927, y en el curso de dicho caso obtuvo una orden, de acuerdo con el artículo 7 de la Ley sobre contratos de refacción agrícola, Leyes de 1927, página 205, requiriendo al registrador de la propiedad para que prorrogara la anotación de dicho contrato o el efecto del mismo en el registro de la propiedad hasta que se dictara sentencia definitiva en el caso.

Pendiente la acción arriba indicada, la Yabucoa Sugar Company, en diciembre 31 de 1928, presentó una demanda alegando que era dueña de las raíces de caña que quedaran después de la zafra de 1928, puesto que dicha Yabucoa Sugar Company las había comprado a Benítez en septiembre 20 de 1927, y que el gravamen agrícola del banco por concepto de esta cosecha ascendía solamente a $26,000, que habían sido

satisfechos en totalidad por la caña producida en dicha cosecha, que importaba $36,000.

La súplica de dicha demanda de la Yabucoa Sugar Company era que la corte debía declarar que las raíces de la caña cultivada en la propiedad de que se trata, eran propiedad de dicha Yabucoa Sugar Company, y que la anotación hecha en el registro prorrogando el tiempo del gravamen debía cancelarse. La corte decidió a favor del demandante.

Tenemos la idea de que la demanda en este caso es académica, pero como ésta nó ha sido cuestión planteada por las partes trataremos primeramente de discutir las cuestiones más o menos como nos han sido sometidas por ellas. El apelante alega que la cuestión envuelta en este caso es sobre si un contrato de refacción en el cual se hace la reserva del derecho de cubrir préstamos futuros y tales préstamos se hacen, puede ser protegido de acuerdo con la ley.

No se discute que la intención del United Porto Rican Bank y Eusebio Benítez Carrillo fuera proteger préstamos futuros. Sin embargo, el apelante se enfrenta al obstáculo de nuestra decisión en el recurso gubernativo *United Porto Rican Bank* v. *Registrador de Guayama,* 38 D.P.R. 350.

En este caso se decidió que ciertos contratos de refacción no eran inscribibles en el registro de contratos agrícolas por falta de precisión en las cantidades garantizadas. La opinión se funda en el caso de *Rosenstad & Waller, Inc.,* v. *Registrador de Guayama,* 32 D.P.R. 475. En el primer caso se trataba de la Ley Hipotecaria, y en el segundo se extendía el razonamiento al registro de contratos agrícolas.

En cuanto a si el caso de *United Porto Rican Bank* v. *Registrador* podía diferenciarse o modificarse, como sostiene el apelante, lo consideramos innecesario según los hechos del caso. Opinamos que ya fuera o no el contrato de refacción inscribible como tal, la Yabucoa Sugar Co. tenía conocimiento

de ese contrato y lo mencionó en la escritura cuando se resolvió a comprar las raíces de caña a Eusebio Benítez Carrillo. Los contratantes pueden celebrar entre sí todo contrato que no esté prohibido por la ley, y tenemos la idea de que el contrato ejecutorio celebrado por el United Porto Rican Bank y Benítez era perfectamente válido, y, si lo era, según admite la apelada, obligatorio para las partes. Por lo tanto, como la Yabucoa Sugar Co. tenía conocimiento de ello, estaría obligada por los términos del contrato. En otras palabras, si la teoría que antecede es correcta, el United Porto Rican Bank de hecho tenía prioridad con respecto a las raíces de caña que la Yabucoa Sugar Co. adquirió posteriormente; que la Yabucoa Sugar Co. compró sujeta a la prelación del United Porto Rican Bank. La validez de un contrato de refacción, excepto en cuanto al derecho de tercero, no depende de su inscripción en el registro.

■ Asimismo, estamos de acuerdo con el apelante de que ventas de raíces de caña no son inscribibles en el registro de contratos agrícolas. Algunas cosas referentes a refacción y molienda son inscribibles, pero no hay autoridad para la inscripción de ventas, ya sean de bienes inmuebles o muebles. Si A celebra con B un contrato de venta de una propiedad inmueble y de refacción, tal contrato es inscribible en cuanto a la refacción, pero la inscripción de la venta de la propiedad inmueble no surtiría efecto a menos que además sea debidamente inscrita en el registro de la propiedad. No va envuelto un principio diferente cuando una persona vende propiedad inmueble e incidentalmente hace que se inscriba en el registro de contratos agrícolas. No estamos trátando de decir si las raíces de caña son propiedad mueble o inmueble.

■ Ahora bien, en diciembre de 1927 el United Porto Rican Bank hizo un contrato de prórroga para cubrir ciertos préstamos hechos por él. No estamos seguros acerca de qué cantidad cubría este contrato adicional, además de los

$26,000 del préstamo original, pero cualquiera que fuese su ampliación, la supuesta inscripción de la venta de las raíces no podía en modo alguno afectar al United Porto Rican Bank, puesto que éste tenía inscritos en el registro de contratos agrícolas dos contratos perfectamente válidos que tenían derecho a la inscripción mientras que el de venta de las raíces no lo tenía. El apelante asevera y no hay prueba en contrario, que el United Porto Rican Bank no tenía conocimiento de la venta de las raíces. La demandante dice que el demandado no confiaba en su contrato original, de lo contrario no habría necesidad de ampliación. Puede que el demandado actuara así por exceso de precaución.

■■ Llegamos ahora a la cuestión de si este pleito es académico. Si la Yabucoa Sugar Co. adquirió la propiedad de las raíces de dicha caña, no vemos por qué tenga derecho a acudir a los tribunales para que dicten una resolución en ese sentido. Si un hombre adquiere una propiedad, no tiene derecho a solicitar de un tribunal una sentencia declarando que la propiedad es exclusivamente suya, y lo mismo respecto a cualquier otra compra. Si es dueña de la propiedad la Yabucoa Sugar Co. no necesita declaración de un tribunal en ese sentido. Ello es cadémico, de acuerdo con el principio sentado por nosotros en *Bianchi* v. *Pierazzi,* 25 D.P.R. 631, *Cortés Hnos.* v. *Menéndez,* 39 D.P.R. 852. Por lo tanto, si la causa de acción principal no tiene fundamento, tampoco lo tendrá la reclamación subsidiaria de cancelación de una nota en el otro pleito. También dudamos que en todo caso deba cancelarse la nota, pues es sencillamente un aviso a otras personas.

*Debe revocarse la sentencia apelada y declararse sin lugar la demanda.*