LA MERCANTIL "CEDÓ & LATONI", representada por sus gesto-res DARÍO CEDÓ y GERARDO LATONI, peticionaria y apelante, *v.* F. NAVARRO ORTIZ, JUEZ DE LA CORTE DE DISTRITO DE MAYAGÜEZ, demandado y apelado.

Núm. 7903.—*Sometido:* Junio 15, 1939. *Resuelto:* Julio 29, 1939.

*Enrique Báez García,* abogado de la apelante; *Pascasio Fajardo Martínez,* abogado de la interventora, demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Es ésta una apelación contra la sentencia del Juez Presidente Sr. Del Toro, como juez de turno, fechada el 5 de noviembre de 1938. Uno de los demandados ha presentado una moción para desestimar la apelación.

Los hechos son los siguientes:

La mercantil "Cedó & Latoni" presentó una demanda en la Corte Municipal de Mayagüez contra R-C-R Flexible Clothes Corp., Inc., en cobro de $253.27. La demandante embargó cierta maquinaria, equipo de oficina y otros artículos, de la propiedad de la demandada. La demandada levantó el embargo mediante fianza. Se falló a favor de la demandada, de cuyo fallo se apeló a la Corte de Distrito de Mayagüez.

Algún tiempo después y a petición de la demandante, la corte municipal anuló la fianza y ordenó a la demandada que prestara nueva fianza dentro de cuatro días, o de lo contrario el márshal volvería a embargar toda la propiedad que había sido originalmente embargada.

Mientras tanto, la corporación había presentado una solicitud ex parte en la corte de distrito para el nombramiento de un síndico. La solicitud fué presentada por el tesorero de la corporación y pedía que ésta fuera puesta en manos de un síndico por el término de ocho meses. Se concedió la solicitud y Enrique López Delgado, como el mayor acreedor de la corporación, fué nombrado síndico.

Habiendo transcurrido el término concedido a la corporación para prestar fianza sin que lo hiciera, el márshal procedió a trabar nuevo embargo. El síndico solicitó de la corte de distrito que levantara el embargo por el fundamento de que la corporación estaba bajo la sindicatura de él. La corte accedió a lo pedido y ordenó el levantamiento del embargo. La demandante en el caso original acudió a nosotros en solicitud de un auto inhibitorio contra la Corte de Distrito de Mayagüez, la cual, según la demandante, actuó sin jurisdicción, y contra el síndico y la corporación. Un auto alterna-

tivo fué expedido por el Juez de Turno, Sr. Presidente Del Toro.

Visto el caso, el Juez Presidente denegó la solicitud y anuló el auto por sentencia de 5 de noviembre de 1938. La peticionaria apeló contra dicha sentencia a la corte en pleno.

La R-C-R Flexible Clothes, Corp. era una de las partes contra la cual se expidió el auto y compareció en la vista ante el juez de turno. Ha presentado una moción de desestimación por los siguientes motivos:

(a) Que la sentencia obtenida por la apelante en la corte municipal y cuya ejecución había sido asegurada por el embargo que fué levantado debido a la sindicatura, ha sido satisfecha en su totalidad y por consiguiente la mercantil "Cedó & Latoni" no tiene interés en la sindicatura, no es una parte adversa y no tiene causa de acción en los procedimientos sindicales que se siguen en la Corte de Distrito de Mayagüez.

(b) Porque la sindicatura ha cesado, como aparece del récord y del certificado del secretario de la Corte de Distrito de Mayagüez.

La demandada ha unido a esta solicitud certificados al efecto de que la sentencia de referencia ha sido satisfecha con intereses y costas, y de que la sindicatura ha cesado. La peticionaria se opone a la moción fundándose en que si se desestimara la apelación los actos del síndico serían confirmados; en que la apelación no es frívola y en que se han cumplido todos los requisitos. También alega que la sentencia ha sido satisfecha con el único fin de evitar que esta corte considerara la validez de la sindicatura que fué decretada sin jurisdicción y en que la R-C-R Flexible Clothes, Corp. no es parte en esta apelación.

Somos de opinión que este caso se ha hecho completamente académico y debe archivarse, y así se ordena. Véase *Bianchi* v. *Pierazzi et al.*, 25 D.P.R. 631, por la relación que pueda tener.

Los Jueces Sres. Presidente Del Toro y Asociado Travieso no intervinieron.