López et al., Recurrentes, *v.* El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas inscribiendo con defecto subsanable un expediente posesorio.

No. 296.—Resuelto en diciembre 22, 1916.

Expediente Posesorio—Asiento de Dominio en Contradicción con el Hecho de la Posesión—Devolución del Expediente para Ulteriores Procedimientos—Facultades del Registrador.—Cuando denegada la inscripción de un expediente posesorio y tomada anotación preventiva por la razón de haberse encontrado un asiento de dominio en contradicción con el hecho de la posesión justificada por la información, el registrador remite el expediente, con certi-

ficación del asiento mencionado al juez que la aprobó para ulteriores procedimientos de acuerdo con el artículo 393 de la Ley Hipotecaria y en virtud de esos procedimientos recae resolución confirmatoria del auto de aprobación y se ordena que se lleve a efecto la inscripción, tales procedimientos posteriores están sujetos a la calificación del registrador, independientemente de su primera denegatoria de inscripción.

ID.—ASIENTOS CONTRADICTORIOS EN EL REGISTRO—CITACIÓN DE LAS PERSONAS CON DERECHO SOBRE EL INMUEBLE—NOTIFICACIONES POR CORREO.—El artículo 393 de la Ley Hipotecaria en relación con la regla 5ª. del 391 de la misma ley, exige la citación personal, siempre que pueda hacerse, de las personas que por el asiento en contradicción con el hecho de la posesión justificada por la información puedan tener algún derecho sobre el inmueble, no siendo la notificación por correo el procedimiento equivalente.

ID.—PLEITOS ORDINARIOS ENTRE PARTES—LIMITACIÓN DEL ARTÍCULO 322 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.—El artículo 322 del Código de Enjuiciamiento Civil está estrictamente limitado a los pleitos ordinarios entre partes y no se refiere a procedimientos de acuerdo con la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Andrés Mena.*

El registrador recurrido, Sr. Emigdio S. Ginorio, compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Promovido ante la Corte Municipal de Caguas por Celestino, Sebastián, Ramón y Aurea López Becerra, expediente para acreditar la posesión de cierta finca rústica, dicha corte le impartió su aprobación por resolución de 8 de julio de 1916, habiéndose negado el registrador a verificar su inscripción en el registro por haber encontrado en éste un asiento de dominio sobre la misma finca que estimó estar en contradicción con la posesión cuya inscripción se solicitaba.

En cumplimiento del artículo 393 de la Ley Hipotecaria remitió el registrador a la Corte Municipal de Caguas el expediente posesorio de que se trata con certificación del asiento mencionado, para que en consonancia con dicho artículo, con citación y audiencia de las personas que en virtud de dicho asiento pudieran tener algún derecho sobre la finca, confirmara o revocara el auto de aprobación. La citación se hizo a los interesados por medio del correo, señalándoles el término de veinte días para ser oídos en el expediente, y no habiendo comparecido dentro de ese término la corte

municipal por resolución de 2 de octubre, 1916, confirmó en todas sus partes la resolución anterior de 8 de julio y ordenó la inscripción del expediente posesorio.

El registrador verificó entonces la inscripción con el defecto subsanable de que en las últimas notificaciones a los anteriores dueños de la finca no se habían observado las formalidades que previene el artículo 391 de la Ley Hipotecaria, y esa es la nota recurrida para ante esta Corte Suprema.

Dos cuestiones se presentan en este recurso: la primera es si en la información posesoria es suficiente una notificación escrita, enviada por correo a los anteriores dueños de la propiedad en cuestión a los efectos del artículo 393 de la Ley Hipotecaria, sosteniendo los recurrentes que por virtud del artículo 322 del Código de Enjuiciamiento Civil y la larga práctica establecida, dicha notificación es adecuada, y sosteniendo el registrador lo contrario fundado en las prescripciones del artículo 391 de la Ley Hipotecaria, que exige en primer lugar la notificación personal cuando sea posible.

La segunda cuestión es que el registrador se negó primeramente a inscribir el mismo expediente fundándose para ello en una razón distinta y jamás llamó la atención sobre el defecto subsanable anotado después. Si el recurrente está en lo cierto en cuanto a la segunda cuestión, sería *obiter dictum* el discutir la primera, de modo que consideraremos las cuestiones en orden inverso.

Aparece de la orden del juez municipal que al ser presentado primeramente el expediente en el registro el registrador denegó su inscripción tomando anotación preventiva por la única razón de haber encontrado un asiento contradictorio y los recurrentes insisten en que no habiéndose opuesto entonces reparo alguno a las citaciones hechas por correo a los anteriores dueños, no puede hoy el registrador consignar el defecto subsanable apuntado. Tal alegación carece de importancia en el presente caso, pues el récord muestra que después de la anotación preventiva fué devuelto el expediente al juez municipal para ulteriores procedimientos, y que en

virtud de esos procedimientos fué que recayó la resolución final de 6 de septiembre de 1916.

A tales procedimientos posteriores a la primera denegatoria de inscripción es que se refiere la nota recurrida, y creemos que el registrador estaba dentro de sus facultades al calificarlos como lo hizo.

Y lo menos que pudo hacer el registrador fué calificar de subsanable el defecto apuntado, pues si era insuficiente la notificación por correo no hubo notificación en absoluto y, por tanto, quedó incumplido el precepto del artículo 393 de la Ley Hipotecaria.

El artículo citado en la parte atinente dice así:

"Si (los registradores) hallaren algún asiento de adquisición de dominio o posesión no cancelado que esté en contradicción con el hecho de la posesión justificada por la información judicial, suspenderán la inscripción, harán anotación preventiva si la solicita el interesado, y remitirán copia de dicho asiento al juez que haya aprobado la información.

"El juez, en su vista, y con citación y audiencia de las personas que por dicho asiento puedan tener algún derecho sobre el inmueble, confirmará o revocará el auto de aprobación, dando conocimiento en todo caso de la providencia que recayese al registrador, a fin de que en su vista lleve a efecto la inscripción o cancele la anotación preventiva.

"Si las personas que hubieren de ser citadas estuvieren ausentes, se llevarán previamente a efecto las formalidades exigidas para la citación en la regla 5ª. del artículo 391."

El párrafo 5º. del artículo 391 establece las reglas que han de llenarse en las informaciones posesorias respecto a la citación de los dueños de los terrenos colindantes o partícipes en la propiedad o derechos de una finca cuando estuvieren ausentes y se supiere su paradero, o cuando su paradero fuere ignorado.

El artículo 393 que dejamos transcrito, relacionado con la regla 5ª. del artículo 391, exige la citación personal siempre que pueda hacerse, y dicho artículo jamás ha sido derogado. *Meléndez* v. *El Registrador,* 17 D. P. R. 605.

El artículo 322 del Código de Enjuiciamiento Civil, que invocan los recurrentes en apoyo del recurso, dispone lo siguiente:

"Artículo 322.—En los casos de remisión por correo, la notificación o documentos deberán depositarse en la administración de correos, dirigidos a la persona a quien hubiere de intimarse, o hacerse la entrega, a su oficina o residencia pagándose el franqueo, la notificación o la entrega de documentos queda cumplida al tiempo de hacerse el depósito en el correo, pero si dentro de determinado número de días después de hecho aquél, la parte contraria tuviere que ejercer un derecho o ejecutar un acto, el término dentro del cual hubiere de ejercerse el uno o ejecutarse el otro, se entenderá ampliado un día por cada veinte y cinco millas que mediaran entre el lugar del depósito y el de la dirección; pero esta ampliación no deberá exceder de un término de treinta días.

Convenimos con el registrador en que el referido artículo está estrictamente limitado a los pleitos ordinarios entre partes y no a un procedimiento de acuerdo con la Ley Hipotecaria. Es un principio muy conocido de interpretación que las disposiciones de la Ley Hipotecaria sólo pueden ser derogadas por una ley especial. Artículo 413 de la Ley Hipotecaria. Y convenimos además con el registrador en que los artículos 320 al 322 tienen por fin la notificación a las partes que ya están ante la corte. Hemos resuelto que un *affidavit* no es el equivalente del medio de prueba exigido por la Ley Hipotecaria para las informaciones posesorias. *Meléndez* v. *El Registrador, supra.*

De igual modo la notificación por correo no es el equivalente del procedimiento exigido por el artículo 391.

Debe confirmarse la nota.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.