ENRIQUE CUETO, peticionario, *v* LA CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, y la SUCESIÓN DE AUGUSTO VILLANUEVA Y RODRÍGUEZ, compuesta de su viuda CARMEN RODRÍGUEZ y de sus hijos LIDIA MATILDE y LORENZO AUGUSTO VILLANUEVA Y RODRÍGUEZ, demandados.

No. 579.—*Visto:* Julio 5, 1927. *Resuelto:* Julio 26, 1927.

HIPOTECAS—EJECUCIÓN DE HIPOTECAS—ALEGACIONES Y EVIDENCIA—CONTESTACIÓN—EN GENERAL.—En un juicio ejecutivo hipotecario no es procedente una contestación y contrademanda sobre hogar seguro *(homestead).*

CERTIORARI para revisar resolución y orden de *Pablo Berga,* J. (San Juan), negándose a eliminar una contestación y contrademanda sobre *homestead* presentada por el demandado en un procedimiento ejecutivo hipotecario y ordenando la subasta sujeta a la reclamación de tal hogar seguro *(homestead).* ·Anuladas la resolución y la orden recurrida.

*Heriberto Torres Solá,* abogado del peticionario; *Lucien Longchamps,* abogado de la Sucesión demandada, opositora a la expedición del auto.

OPINIÓN DEL JUEZ ASOCIADO SEÑOR ALDREY, con la cual está conforme el Juez Asociado Sr. Franco Soto.

En el juicio hipotecario seguido en la Corte de Distrito de San Juan por el procedimiento de la Ley Hipotecaria y su Reglamento para el cobro de $1,000 garantizados con hipo-

teca de un solar de diez metros de frente por veinte metros de fondo con casa de maderas en él fabricada de 18 pies de frente por 29 de fondo, radicado en el pueblo de Río Piedras, la sucesión del deudor, después de ser requerida de pago, presentó en ese procedimiento una contestación a la demanda y una contrademanda, alegando que en esa casa y solar tiene constituído su hogar seguro (*homestead*) y solicitando que la demanda fuese declarada sin lugar y que se condenase al demandante a reconocer que los contrademandantes tienen constituído su hogar seguro en dicha casa y solar y que están libres de ejecución hasta la cantidad de $500.

El ejecutante solicitó de la corte la eliminación de tal alegación, pero antes de resolver la corte esa solicitud dispuso que el márshal vendiese la finca hipotecada sujeta a la reclamación del hogar seguro hecha por los demandados y días después negó la eliminación solicitada por el ejecutante, concediéndole diez días para alegar contra la mencionada alegación.

En tal situación esos autos nos pidió el ejecutante que expidiésemos un auto de *certiorari* para revisar la orden disponiendo la subasta sujeta a la reclamación del hogar seguro y la resolución que negó la eliminación de la alegación hecha por los demandados. Expedimos el auto y hemos oído a las partes interesadas en él.

La Ley Hipotecaria y su reglamento establecen un procedimiento sumario y rápido para la ejecución de las hipotecas y el artículo 175 del Reglamento dispone que tales procedimientos no podrán suspenderse por medio de incidentes ni por otro alguno a instancia del deudor, del tercer poseedor, ni de ningún otro que se presente como interesado, salvo si se justificare documentalmente la existencia de un procedimiento criminal por falsedad del título hipotecario en cuya virtud se proceda; si se interpusiere tercería de dominio, acompañada del título de propiedad inscrito antes del crédito del ejecutante, o si se presentare certificado del registrador expresivo de estar cancelada la hipoteca o copia auténtica de

la escritura de su cancelación, con nota de presentación en el registro donde haya de tomarse razón de ella; y que todas las demás reclamaciones que tenga el deudor se ventilarán en el juicio plenario que corresponda.

De acuerdo con esas disposiciones, los demandados no tienen derecho a presentar en este procedimiento ejecutivo hipotecario su alegación de contestación ni de contrademanda, por no referirse a ninguna de las cuestiones que están autorizadas en este procedimiento y por tanto no puede resolverse en él si en la finca hipotecada está constituído el hogar seguro de los demandados ni si el ejecutante está obligado a respetarlo. La alegación de los demandados requiere una contestación, la celebración de un juicio y una sentencia resolviendo la cuestión propuesta por los demandados, o sea un juicio ordinario dentro de un procedimiento especial y sumario, lo que pugna con la naturaleza del juicio ejecutivo hipotecario y está en contra del artículo 175 citado. Podrán tener los demandados otro procedimiento para hacer efectivo el derecho de hogar seguro que dicen tener, pero ciertamente no es el escogido para que en un juicio ejecutivo hipotecario se resuelvan cuestiones que la ley no autoriza. Y no se diga que puede ser permitida la alegación de los demandados porque el procedimiento ejecutivo no queda suspendido toda vez que la corte ha ordenado la venta de la finca hipotecada, y que puede llevarse a efecto no sujeta a la reclamación del hogar seguro como dispuso la corte inferior sino reteniendo el márshal del precio obtenido en la venta los $500 del valor del hogar seguro, porque cualquiera de esas dos conclusiones da por cierto y por resuelto, sin audiencia del ejecutante, que los demandados tienen constituído su hogar seguro en esa finca y que el ejecutante está obligado a respetarlo. El caso de *Hernández Mena* v. *Lecumberri,* 36 D.P.R. 396, no tiene aplicación al presente porque en el procedimiento ejecutivo a que hace referencia sólo se tuvo a Hernández por substituído en los derechos del ejecutado, por haberle comprado la finca y no hubo reclama-

ción alguna de él.    En el caso de *Giménez et al.* v. *Brenes,*
10 D.P.R. 128, se declaró que el procedimiento ejecutivo hi-
potecario está vigente hasta el requerimiento inclusive al
deudor para el pago de la deuda, y derogado en lo referente
a la venta, que debe regularse por la ley de 9 de marzo de
1905 sobre sentencias y manera de satisfacerlas, pero esta
ley se refiere solamente a la manera de vender los bienes y
en modo alguno puede servir como fundamento para admitir
en un procedimiento ejecutivo reclamaciones que no permite
la ley.    Podría decirse que reteniendo los $500 del precio
de venta quedaría esta cantidad sujeta a las resultas de la
reclamación de los demandados, pero esto equivaldría a ob-
tener un aseguramiento de sentencia sin prestación de la
fianza exigida por la ley cuando la obligación reclamada no
consta en documento público.    Por consiguiente, la corte in-
ferior cometió error de procedimiento al no eliminar la ale-
gación de los demandados, autorizando así un juicio plena-
rio dentro de un procedimiento sumario.

También fué errónea la orden de venta sujeta a la recla-
mación de hogar seguro que se hizo porque, como antes de-
cimos, da por cierto y resuelto lo que ha de ser probado en
el juicio plenario sin haberse celebrado el juicio y sin haberse
dictado sentencia; y porque el crédito hipotecario del eje-
cutante no puede tener más limitaciones o gravámenes que
los que resulten del registro, por hallarse amparado por las
disposiciones de la Ley Hipotecaria, aún cuando lo contra-
rio ha declarado la mayoría de este tribunal en el caso de
*Dávila* v. *Sotomayor,* 35 D.P.R. 794, en el que se ha soste-
nido que el derecho del hogar seguro perjudica a un acree-
dor hipotecario aún cuando no haya sido inscrito en el re-
gistro de la propiedad.

Por ser fundamento de la Ley Hipotecaria la publicidad
y la especialidad de los gravámenes en la propiedad inmue-
ble quedaron suprimidos por ella todos los gravámenes ocul-
tos, quedando sólo como hipoteca tácita legal la preferencia
que la misma ley en su artículo 218, enmendado en 1907,

concede al Pueblo de Puerto Rico y a la correspondiente municipalidad sobre cualquier otro acreedor para el cobro de las tres últimas anualidades y la corriente no pagada; y al asegurador de bienes inmuebles, según el artículo 220, por los premios de dos años o los dos últimos dividendos en su caso, mientras no se devenguen. Por consiguiente, el acreedor hipotecario no puede ser perjudicado por el gravamen oculto y tácito que en el caso de *Dávila* v. *Sotomayor, supra,* se reconoció para el hogar seguro. Y no se diga que la ley de hogar seguro enmendó en ese particular la Ley Hipotecaria, porque por la importancia de los derechos que ella regula dispuso en su artículo 413 que ninguno de sus preceptos podrá ser derogado sino en virtud de otra ley especial; precepto que ha sido reconocido y aceptado por este Tribunal en los casos de *Giménez et al.* v. *Brenes, supra; American Trading Co.* v. *Monserrat,* 18 D.P.R. 276; *Valdivieso* v. *Rivera,* 19 D.P.R. 709; y *López et al.* v. *El Registrador,* 24 D.P.R. 689. Y no es que dicha ley sea invulnerable, sino que para poder derogar o modificar alguno de sus preceptos es necesaria una ley que expresamente lo haga.

*Por lo expuesto, entendemos que debe ser anulada la resolución que negó la eliminación de la alegación de los demandados sobre contestación y contrademanda y también la orden de venta en cuanto dispone que la subasta sea hecha sujeta a la reclamación de hogar seguro de los demandados.*

Estoy autorizado para hacer constar que el Juez Asociado Sr. Franco Soto está conforme con esta opinión.

OPINIÓN EMITIDA POR EL JUEZ ASOCIADO SR. WOLF

Los demandados, en un procedimiento sumario para la ejecución de una hipoteca sobre un solar y una casa pequeña, reclamaron un derecho de *homestead* en la finca hipotecada por la suma de $500 y pidieron que tal derecho fuera declarado exento de ejecución.

El escrito de que se trata era en forma de una contestación admitiendo los hechos alegados en la demanda, seguida

de una contra-demanda exponiendo los hechos en que se basaban la reclamación de exención y la súplica pidiendo un pronunciamiento afirmativo.

El demandante entonces pidió que se eliminara la contra-demanda y solicitó una orden para la venta de la finca hipotecada. He leído la opinión original del Juez Sr. Aldrey y en ella descanso en lo que respecta a una más detallada exposición de los hechos.

La sección 1a. de la Ley de *Homestead* dispone lo siguiente:

"Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead,* hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia; y dicho *homestead* y todo derecho o título sobre el mismo estará exento de embargo, sentencia, exacción o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece; *Disponiéndose,* que en caso de arrendamiento u otro contrato análogo nada de lo contenido en esta ley se interpretará en el sentido de que se prohiba al dueño o propietario de dicha estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, entrar de nuevo en posesión de dicha propiedad de acuerdo con lo estipulado en dicho contrato de arrendamiento o convenio, al faltarse al cumplimiento de las condiciones del mismo."

Mi idea es que de acuerdo con esta sección el dueño de una finca tiene un derecho real que no es susceptible de anulación por cualesquiera pasos que pueda dar un acreedor hipotecario. El propietario no necesita declaración alguna de la corte para proteger su derecho de *homestead* y creo que puede reclamarlo en cualquier tiempo. El dueño a nada renuncia por no levantar protesta alguna en el procedimiento ejecutivo hipotecario. Quizás si algunos pasos se estuvieran dando o alguna inscripción se estuviera haciendo, pa-

sando por alto sus derechos, pudiera tener algún derecho a estar ante la corte, pero mientras no se establezca ningún procedimiento adverso a su derecho de *homestead* el dueño está en el caso de estar pidiendo algo que ya la ley le ha dado. No existe una verdadera controversia y la reclamación del dueño es académica. Una situación semejante e iguales razonamientos se presentaron en el caso de *Bianchi v. Pierazzi et al.*, 25 D.P.R. 631. Como no existía una verdadera controversia no había motivo para interrumpir el procedimiento sumario ejecutivo, como se hizo en este caso. El resolver sobre una alegación *(pleading)* que se ha interpuesto es siempre causa de demora, y si el deudor tiene derecho a una orden puede también tener derecho a una apelación.

*Por estas razones la orden debe ser anulada.*

Opinión disidente del juez asociado Sr. Hutchison, con la cual está conforme el juez presidente Sr. del Toro.

Los hechos han sido expuestos en las opiniones que anteceden, emitidas por los Jueces Asociados Sres. Wolf y Aldrey. Bastará agregar que la corte inferior, al ordenar la venta de la propiedad con sujeción a la reclamación del hogar seguro, y al desestimar la moción para eliminar la contestación y contrademanda, pasó por alto deliberadamente la forma y sólo tomó en consideración la substancia de la alegación últimamente mencionada.

La Ley Hipotecaria y el Reglamento para su ejecución no autorizan o prevén la venta de propiedad alguna que no esté incluída en la hipoteca, salvo dentro de ciertas circunstancias excepcionales, a opción del deudor hipotecario o en beneficio y conveniencia suya, caso en el cual él está protegido por el consiguiente derecho de participar en el producido de la venta. El artículo 175 del Reglamento sólo se refiere a y prohibe la suspensión o entorpecimiento del procedimiento sumario. No deja de haber casos en que, no obstante e independientemente de las distintas materias y de-

fensas enumeradas en el artículo últimamente mencionado, un deudor hipotecario, aún dentro de los estrechos límites de los procedimientos sumarios, y perfectamente dentro del espíritu, si no dentro de la letra de la ley y sus reglamentos, pueda exigir que se excluya cierta propiedad de la venta en perspectiva o de lo contrario, que se venda separadamente y se le entregue el producido de la misma. *Hernández Mena* v. *Lecumberri,* 36 D.P.R. 395, y jurisprudencia citada.

Hace más de veinte años que esta corte, en el caso de *Giménez* v. *Brenes,* 10 D.P.R. 128, dijo:

". . . llegamos hoy a la conclusión de que el procedimiento especial para el cobro de créditos garantidos con hipoteca está todavía vigente en su parte inicial o sea hasta el requerimiento inclusive al deudor para el pago de la deuda y derogado en la parte que podría llamarse 'vía de apremio,' es decir, en lo que se refiere a la venta de la propiedad gravada con la hipoteca, venta que debe sujetarse en un todo a lo dispuesto en la repetida ley aprobada en 9 de marzo de 1905 que al modo de satisfacer las sentencias se refiere."

La orden de la corte inferior, por lo tanto, no interrumpió, entorpeció o suspendió parte alguna del procedimiento sumario prescrito por la Ley Hipotecaria y su Reglamento. Pero aún en el "juicio declarativo" a que se relega el demandado por el artículo 175 del Reglamento, él tendría derecho a hacer que el producido de la venta se retenga bajo la custodia de la corte, ínterin se determinen sus derechos en tales pleitos por separado. Dentro de las circunstancias, nos es difícil comprender por qué razón la reclamación del hogar seguro, que sólo afecta la cuestión de la venta o la disposición o distribución del producido, no pueda ser determinada bien por virtud de una moción o de una contrademanda y dirimida tanto en el procedimiento ejecutivo como en una acción independiente. No sólo tendería esta práctica a evitar multiplicidad de acciones, sino que, si se resuelve la cuestión así levantada, haría que los compradores en perspectiva pudieran averiguar qué parte, si alguna, de la pro-

piedad hipotecada, había sido excluída, en vez de desalentar las ofertas de los postores debido a informes vagos sobre una reclamación pendiente de dirimirse por medio de una acción independiente. En el presente caso, sin embargo, la situación se simplifica por el hecho de que no está envuelta cuestión alguna de designación, mensura o segregación del hogar seguro, y el abogado de los contrademandantes admite que dentro de las circunstancias, debe modificarse la orden de la corte de distrito en el sentido de decretar la retención de quinientos dólares del producido de la venta, hasta tanto se resuelva la cuestión sobre el derecho de los demandados en el procedimiento ejecutivo a recibir esta cantidad, según las disposiciones de la sección 4 de la Ley del Hogar Seguro (homestead). En realidad, no puede sostenerse que la orden, al ser así enmendada, retardaría o interrumpiría en forma alguna la tramitación del procedimiento sumario, aún en lo referente a la venta y a la distribución del producido.

La orden decretando la venta de la propiedad hipotecada debió haberse modificado en ese sentido, y, así modificada, confirmarse junto con la resolución sobre la moción para eliminar la contrademanda.

El que suscribe está autorizado para decir que el Juez Presidente Sr. del Toro está conforme con esta opinión.