MANUEL HEDILLA BLANCO, demandante y apelado, *v.* RAMONA MONAGAS DE COLÓN Y DOMINGO COLÓN SURÍS, demandados y apelantes.

No. 4188.—*Visto:* Noviembre 22, 1927 y Febrero 15, 1928. *Resuelto:* Abril 19, 1928.

R. *Fernández Matos* y *R: Arjona Siaca,* abogados de la apelante Ramona Monagas; *Felipe Colón Díaz,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Originalmente, éste era un procedimiento sumario de ejecución de hipoteca, de acuerdo con la Ley Hipotecaria. La propiedad fué ofrecida en pública subasta, y, no habiendo otros postores, fué vendida, por lo menos nominalmente, a un acreedor hipotecario por la suma de $1,500, incluyendo intereses y costas. Lo que en verdad sucedió fué que se hizo un abono a cuenta de la deuda hipotecaria. La venta se efectuó el 17 de diciembre de 1926. El 18 de enero de 1927 Ramona Monagas compareció en el pleito e hizo la reclamación del hogar seguro (*homestead*). Según aparece de su petición, alegó, entre otras cosas, que ella fué lanzada de la propiedad a instancias del marshal, por virtud de una orden librada en el procedimiento ejecutivo hipotecario. En otras palabras, ella no dió paso alguno en este procedimiento para reclamar su derecho al hogar seguro no sólo para la fecha en que se ordenó la venta de la propiedad, sino hasta después que se vendió, ejecutó y entregó la misma al acreedor hipotecario.

La Corte de Distrito de Ponce, al resolver la moción, declaró que el hogar seguro no había sido constituido o inscrito debidamente, y, además, que el procedimiento ejecutivo hipotecario no podía ser interrumpido en esta forma.

Por el voto dividido de este Tribunal hemos resuelto que por regla general el procedimiento ejecutivo no puede ser interrumpido. *Cueto* v. *Corte de Distrito,* 37 D.P.R. 244. También hemos resuelto por el voto dividido de esta corte que puede reclamarse el derecho al hogar seguro sin que esté constituido con alguna otra formalidad que la fijada por la

misma ley del hogar seguro, secciones 1000 *et seq.* de los Estatutos Revisados de Puerto Rico, y que no se necesita la inscripción específica de tal derecho. *Dávila* v. *Sotomayor*, 35 D.P.R. 794.

En la súplica de la petición reclamando el derecho del hogar seguro en el presente caso se solicitaba la expedición de una orden dirigida al marshal de la corte y al acreedor hipotecario para mostrar causa por la cual no debían entregar a la demandada la suma de $500 en pago de su derecho de hogar seguro, y que se ordenara a dicho marshal y al citado acreedor hipotecario que pagaran solidariamente la suma de $500; y que, si tal procedimiento no era posible, se declarara que ella tenía un gravamen preferente de $500 sobre la referida propiedad.

Desde luego, si la peticionaria tiene un gravamen de $500 sobre la propiedad concedídole por la ley, ella no necesita ninguna orden especial de la corte decretándolo, a menos que al mismo tiempo solicite una ejecución específica de su derecho.

Respecto a la contención principal, nos sentimos obligados a resolver que después que una persona con derecho al hogar seguro es lanzada de la propiedad mediante el procedimiento sumario de la Ley Hipotecaria, no tiene derecho a comparecer en ese procedimiento hipotecario para reclamar la distribución de los $500 que le pertenecen. El procedimiento hipotecario en el presente caso fué enteramente completo y resuelto. Por supuesto, no surgió cuestión alguna de interrupción, en vista de que los procedimientos fueron completos, y creemos que no puede haber cuestión en cuanto a si se debe o no retroceder a considerar la reclamación de la peticionaria. La reclamación del pago de los $500 es ahora una de dinero, a pesar de que existe un gravamen sobre la propiedad. Debe radicarse un pleito independiente contra la persona que corresponda, para recobrar la cantidad reclamada.

El apelado sostiene que la Corte de Distrito de Ponce no tenía jurisdicción sobre la reclamación, por no exceder de $500. No creemos necesario considerar esta cuestión, toda vez que no se ha radicado pleito alguno.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Señor Aldrey está conforme con el resultado.