ZOILO LASSALLE, demandante y apelado, *v.* MANUEL VALENCIA, ESTELA y TOMÁS JORDÁN MIRANDA, (el último Márshal de la Corte de Distrito de Arecibo), demandados y apelantes.

No. 4472.—*Sometido:* Mayo 24, 1928. *Resuelto:* Mayo 22, 1929.

*F. M. Susoni Jr.*, abogado de los apelantes; *A. Reyes Delgado*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de un recurso de *injunction* instituido con el propósito de proteger el derecho de *homestead* sobre una finca adquirida por un acreedor hipotecario, que fué vendida por virtud del procedimiento sumario de la Ley Hipotecaria. Distinto al caso de *Cueto* v. *Corte de Distrito de San Juan*, 37 D.P.R. 244, el aquí reclamante del derecho de *homestead* alegó y probó que estaba a punto de ser desahuciado de la casa en que vivía, sin que antes se le pagara el importe de su supuesto derecho de *homestead* o gravamen, a saber, la suma de $500. La Corte de Distrito de Arecibo dictó sentencia a favor del demandante. El demandado-apelante alega varios errores.

Esta corte, a excepción del Juez Asociado Sr. de Aldrey, está de acuerdo con el apelado en que generalmente si un deudor está a punto de ser lanzado de su casa, sin habérsele pagado el derecho de *homestead,* procede el recurso de *injunction.* Leyes de 1906, p. 86, pár. 3; *Spelling*

sobre *Injunctions*, 2a. edición 195, pár. 196; *Speyrer* v. *Miller*, 61 L.R.A. 781; *Fink* v. *O'Neil*, 106 U. S. 272; *Cueto* v. *Corte de Distrito, supra.* Sin embargo, decidiendo o asumiendo que procede tal recurso, la corte en pleno es de opinión que el derecho de *homestead* alegado por el apelado no existía o no puede ser reclamado.

█ La escritura original de hipoteca requería que el deudor hipotecario hiciera ciertas mejoras en su casa y solar. Ésta era una condición esencial de la hipoteca. El importe total del dinero obtenido mediante la hipoteca fué dedicado a otros fines, admitiéndose que fué entregado a un hijo del deudor hipotecario. Es lógico suponer que si se hacen mejoras, la propiedad en general aumenta en valor. Tal vez en este caso, las mejoras hubiesen sido suficientes para responder del derecho de *homestead,* al ejecutarse la finca.

El apelado sostiene que la Ley de *Homestead* al exceptuar de sus disposiciones las mejoras, es aplicable solamente cuando las mejoras son en realidad efectuadas. La ley dice así:

"Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead,* hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia: y dicho *homestead* y todo derecho o título sobre el mismo estará exento de embargo, sentencia, exacción o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece; . . ." Ley de *Homestead,* sec. 1, Compilación de 1911, sec. 1000, p. 230.

El apelado hace hincapié en el uso de las palabras en el texto inglés "liability for the improvements placed thereon."

Éste es un pleito de *injunction.* Existe la máxima—véase 21 C. J. 180, que "Todo aquel que comparece ante una corte de equidad debe hacerlo con manos limpias." La supuesta

persona con derecho al *homestead*, al dedicar a otros fines el dinero obtenido con la hipoteca, no tenía las manos limpias. El permitir que subsista la interpretación del estatuto dada por ella, sería sancionar un fraude que la máxima trata de evitar.

Probablemente sea de más aplicación esta otra máxima que dice así: ''La equidad considera como hecho lo que debió haberse hecho.'' 21 C. J. 200. Si se examina el texto se verá que en varios casos, página 202 *et seq.*, aun en enajenaciones defectuosas y en la creación de gravámenes y cargas que no podrían ser sostenidos en derecho, la equidad ha prestado su ayuda. El derecho de *homestead* participa de la naturaleza de un gravamen sobre la propiedad. El acreedor adquirente pudo haber invocado estos principios en cualquier litigio, aun si el apelado mismo no hubiese invocado la jurisdicción de equidad.

Hemos discutido el segundo señalamiento de error y como resuelve el caso, es innecesario considerar los demás.

*La sentencia debe ser revocada y declararse sin lugar la demanda.*

El Juez Asociado Sr. Aldrey está conforme con la sentencia.

EN RECONSIDERACION, JULIO 23, 1929

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El derecho de hogar seguro es estatutorio y sus términos deben ser seguidos. Cuando la persona con derecho a reclamar el hogar seguro transfiere éste fraudulentamente, ello no ayudará a sus acreedores, porque tal persona está actuando dentro de sus derechos de propiedad, según se expresa en 13 R.C.L. 659, citado por el demandante. Sucede lo contrario cuando el derecho de hogar seguro no surge como resultado de los propios términos del estatuto sobre hogar seguro. El demandante no nos convence de que las palabras relativas a ''mejoras'' fueron puestas para beneficio de personas que suministran materiales, conforme se dice

el 13 R.C.L. 607. No vemos razón alguna para alterar nuestra decisión en sus puntos principales.

■ El demandante ha hecho surgir una duda en nuestras mentes cuando manifiesta que las mejoras en ningún caso hubiesen alcanzado la suma de $500 y que por tanto la persona que podía reclamar el hogar seguro hubiera tenido derecho a la diferencia. Sin embargo, cuando el demandante no viene a la corte con manos limpias, y ha cometido un fraude en su hipoteca, no importa los otros derechos que pueda tener, no creemos que una corte de equidad deba ejercer su discreción para prestarle ayuda mediante un *injunction* para recobrar la diferencia.

*Debe declararse sin lugar la moción.*