ANGEL BUONOMO, demandante y apelado, *v.* LA CORTE MUNICIPAL DE CAGUAS, HON. JOSÉ SOTO, JUEZ, demandada y apelante.

No. 4519.—*Sometido:* Marzo 5, 1929. *Resuelto:* Julio 12, 1929.

*Arturo Aponte,* abogado del apelante; *A. L. López,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Angel Buonomo siguió un pleito en la Corte Municipal de Caguas en cobro de dinero contra Fermín Villafañe y obtuvo sentencia favorable.

En la ejecución de dicha sentencia se fijó el 7 de noviembre de 1927 para la venta en pública subasta de una finca del deudor previamente embargada en el pleito.

El mismo día designado para la subasta, el deudor presentó una moción, no notificada a la parte contraria, alegando que había adquirido por escritura pública la finca que se iba a vender y

"CUARTO: Que vuestro peticionario es residente y cabeza de familia en la Isla de Puerto Rico, habitando en la casa que existe en la finca reseñada y que ha de ser objeto del remate el día 7 del corriente.

"QUINTO: Que la finca de referencia fué comprada en $170 y en la actualidad, si tiene un mayor valor, deberá siempre ser considerada como *homestead* de vuestro peticionario y su familia hasta la suma de $500."

Hizo la petición consiguiente y la corte, sin dar intervención al demandante en el pleito, dictó la siguiente orden:

"Vista la moción del demandado en este caso y la escritura de adquisición de la finca objeto de dicha moción, en la que solicita que se declare exento de ejecución el inmueble que se describe a continuación por constituir un hogar seguro (*homestead*) y vistos los artículos 249, primer párrafo, y 250 del Código de Enj. Civil, la Ley de Hogar Seguro, aprobada en marzo de 1903, y el caso de Dávila vs. Sotomayor, 35 D. P. R. 794, se ordena al marshal de esta corte proceda con arreglo a derecho y si al efectuar la subasta o remate, el valor que asignare definitivamente cualquier postor por la finca fuere menor de $500, dicho funcionario se abstendrá de proceder a la ejecución del inmueble por estar exento de ejecución; pero si el valor asignado definitivamente en las posturas excediere de $500, entonces procederá a hacer la ejecución correspondiente y consumará la venta en pública subasta, debiendo entregar al acreedor demandante solamente el exceso sobre $500, y los $500 deberá entregarlos al deudor demandado, estando esta suma exenta de ejecución. . . . "

El demandante entonces presentó una solicitud de *certiorari* a la Corte de Distrito de Humacao. Expedido el auto, dicha corte, después de oír a ambas partes en el pleito, dictó

sentencia anulando la orden de la Corte Municipal y devolviendo el caso para ulteriores procedimientos.

Parece conveniente transcribir lo que sigue de la relación del caso y opinión de la Corte de Distrito. Dice así:

"La contención en este caso es que dicha orden ha sido dictada sin haberse oído a la parte contraria, dándole a la misma su día en corte y una oportunidad para defender sus derechos.

"En el caso de Cueto vs. Corte de Distrito, 37 D. P. R. 246, resolviendo la Corte Suprema una cuestión de *Homestead* análoga a la presente y establecido dentro de un procedimiento hipotecario, dicho Alto Tribunal dice lo siguiente:

" 'La alegación de los demandados requiere una contestación, la celebración de un juicio, y una sentencia resolviendo la cuestión propuesta por los demandados o sea un juicio ordinario dentro de un procedimiento especial y sumario.'

"Dada esta doctrina, se ve claramente que las cuestiones de *Homestead* son consideradas como incidentes dentro del pleito principal en que las mismas se ejercitan, y por tanto, que ellas no pueden ni deben resolver sin dar a la parte contraria una oportunidad para defenderse, pues lo contrario sería aceptar como buenas las alegaciones del peticionario, sin prueba que las justifique y sin oír a las partes interesadas."

No conforme Villafañe apeló para ante esta Corte Suprema, señalando en su alegato la comisión de dos errores.

Por el primero sostiene que la corte erró porque resolvió el recurso de *certiorari* sin tener ante ella todos los documentos que tuvo el juez municipal.

Parece que al reclamarse los autos de la Corte Municipal no se envió la escritura de adquisición de la finca embargada y aunque el apelante no afirma que se hubiera constituído por dicha escritura el derecho de *homestead* que reclama, alega la posibilidad de que pudiera ser ése el caso.

La parte apelada contesta que esa cuestión no se suscitó en la corte de distrito y que la escritura presentada sólo podría demostrar el hecho de la adquisición de la finca, admitido por ella misma desde el momento en que la embargó

como de la propiedad del demandado, y por tanto que la corte de distrito tenía ante sí todo lo necesario para actuar.

Si se examinan los autos de la Corte Municipal, se verá que si bien en la moción del demandado Villafañe se dice que se adquirió la finca por determinada escritura, no se hace referencia a que se acompañe la escritura a la moción. Es cierto que la orden del juez municipal hace referencia a la escritura, pero fuera de ello no hay constancia de que dicha escritura se archivara con los autos.

De todos modos en la moción lo que se alega es que por la repetida escritura se adquirió la finca, no que en ella se constituyera el *homestead* reclamado, y no puede lógicamente ser otra cosa.

Siendo ésas las circunstancias que concurrieron, no creemos que fuera imprescindible la escritura para que la Corte de Distrito resolviera la cuestión que se le planteó.

■ ■ ■ El segundo error se formula así:

"La corte inferior erró al declarar que constituído en debida forma el derecho de *homestead*, es necesario para que tenga efectividad y virtualidad ante una corte de justicia que se celebre un juicio oral por todos sus trámites."

Dejando a un lado la suficiencia o insuficiencia en sí misma de la moción del demandado reclamando el derecho de *homestead* sobre la propiedad que iba a ser vendida, diremos que es tan aparente el error de procedimiento cometido por la Corte Municipal, que no se necesita de esfuerzo alguno para concluir que tuvo razón la Corte de Distrito al anular la orden de que se quejó el peticionario Buonomo.

Cualquiera que sea la diferencia de criterio de los jueces que componen este tribunal, existe una conformidad absoluta entre todos en que para ejercitar el derecho de *homestead* debe seguirse el debido proceso de ley que de modo tan admirable describió Webster en su argumentación en el caso de Darmouth College, así: "una ley que oye antes de con-

denar; actúa por virtud de investigación y dicta sentencia solamente después de un juicio.'' 6 R.C.L. 446, citado en *Guerra* v. *Comisión Indemnizaciones a Obreros*, 29 D.P.R. 507, 512.

Los procedimientos contenciosos podrán ser más o menos sumarios o sumarísimos, pero no pueden decidirse sin oír, o sin dar una oportunidad de ser oídas por breve que ella sea, a las partes interesadas en la contienda. Y cuando se invoca el derecho de *homestead* contra un acreedor, no se trata de un procedimiento *ex parte,* sino contencioso.

Debe recordarse que aquí la Corte Municipal no se limitó a tomar alguna medida previa en favor del reclamante, basada en la autenticidad *prima facie* del título que se le presentara o en la fianza que exigiera y se prestara, sino que decidió en definitiva a favor suyo, sin prueba y sin oír ni dar la oportunidad de oír a la parte contraria.

*Debe confirmarse la sentencia recurrida.*