ENGRACIA SÁNCHEZ, demandante y apelante, *v.* SUCRS. DE ARMSTRONG HERMANOS, S. EN C., demandados y apelados.

No. 5070.—*Sometido:* Abril 4, 1930. *Resuelto:* Julio 28, 1931.

A. *Suliveres Rivera,* abogado de la apelante; *Ramón Dapena,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La demandante estableció esta acción en reclamación del importe de un derecho de hogar seguro en cierta propiedad que fué vendida en un procedimiento ejecutivo sumario, y ha apelado de una sentencia adversa.

 La corte de distrito resolvió que la demanda no aducía hechos suficientes constitutivos de una causa de acción, por no alegar que se solicitó del márshal la retención de parte alguna del producto de la venta en el procedimiento ejecutivo, ni que incumbía al acreedor hipotecario, ahora deman-

dado, instruir al márshal que retuviera parte de dicho producto.

En la demanda sí se alegó que el márshal no había retenido los $500 fijados por la Ley de Hogar Seguro como monta de la exención, y que el demandado no había depositado dicha suma en corte. Esto era bastante para demostrar que la demandante no había recibido la cantidad estatuída para la exención del hogar seguro y que no había dinero en poder de la corte del cual pudiese hacerse efectiva la reclamación de la demandante. No era ésa una reclamación por daños y perjuicios causados por no haber el demandado en este caso (el demandante en el procedimiento ejecutivo hipotecario) dado instrucciones al márshal para retener en su poder una suma suficiente que cubriera la exención del hogar seguro. Cualquier requerimiento al márshal, o cualquiera otra tentativa para hacer efectiva la exención del hogar seguro, en el procedimiento ejecutivo sumario, hubieran sido inútiles. *Cueto* v. *Corte de Distrito,* 37 D.P.R. 244; *Hedilla* v. *Monagas,* 38 D.P.R. 27. Ni el hecho de hacer tal requerimiento ni la existencia de un deber de parte del demandante en el procedimiento ejecutivo hipotecario de depositar el importe de·la exención de hogar seguro constituían un requisito previo para entablar una acción en reclamación de tal exención. Por consiguiente, ni una alegación en cuanto a dicho requerimiento previo ni una alegación respecto a la existencia de tal deber son esenciales para determinar una causa de acción. El caso de *Dávila* v. *Martínez,* 37 D.P.R. 846, citado por el juez de distrito, no es aplicable.

El juez de distrito también resolvió que la demandante no tenía derecho a un fallo sobre los méritos, por la razón de que la prueba puso de manifiesto la existencia de otros bienes pertenecientes a ella que no estaban envueltos en el procedimiento ejecutivo por el cual se le privó de su hogar seguro. El caso de *Dávila* v. *Sotomayor,* 35 D.P.R.

812

794, citado a este respecto, no es autoridad para el criterio así sustentado. Según nuestro estatuto el derecho a la exención del hogar seguro no depende de la existencia o inexistencia de otros bienes que el demandante poseyere.

*La sentencia apelada debe ser revocada y en su lugar la sentencia de esta corte será dictada a favor de la demandante y en contra de los demandados por la suma de $500, y las costas.*

Los Jueces Asociados Sres. Aldrey y Texidor están conformes con el resultado.