Miguel Truyol, demandante y apelado, *v.* Francisco Vázquez, demandado y apelante.

No. 6265.—*Sometido:* Marzo 7, 1934. *Resuelto:* Mayo 29, 1934.

*T. Bernardini Palés,* abogado del apelante; *C. Domínguez Rubio,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

La presente es una acción en cobro de dinero incoada por Miguel Truyol contra Francisco Vázquez reclamándole la suma de $652.18. Para solicitar la efectividad de la sentencia que pudiera dictarse, el demandante solicitó que se embargasen bienes de la propiedad del demandado. Así lo ordenó la corte previa prestación de la correspondiente fianza. La orden de embargo fué practicada y diligenciada por el márshal, quien al dorso de la misma hizo constar lo siguiente:

"Que a las once de la mañana del día dos de junio de 1932 recibí la presente orden de embargo en el caso civil número 9845 seguido ante la Hon. Corte de Distrito del Distrito Judicial de Guayama, P. R., por Miguel Truyol, como demandante contra Francisco Vázquez como demandado, sobre Cobro de Dinero y en cumplimiento de lo ordenado en la misma y a moción de la parte demandante procedí a embargar y embargué como bienes del demandado Francisco Vázquez los siguientes: URBANA:—Casa de madera americana techada de zinc, de una planta que mide 20 pies de frente por 22 pies de fondo, radicada en la Calle Las Torres, sitio San Felipe, Barrio Hoyo Inglés, de Guayama, Puerto Rico, colindante por el Norte con Faustino Martínez, por el Sur con la calle de su situación, por el Este con Flora Mariani y por el Oeste con Eduardo Fornier.—URBANA:—Casa de madera americana techada de zinc de una planta con 31 pies 7 pulgadas de fondo por 26 pies 3 pulgadas de frente, radicada en la calle San José esquina Santa Rita, sitio San Felipe, Barrio Hoyo Inglés, de Guayama, P. R.,

colindando por el Norte, con Carlina Vallés, por el Sur con la Calle de su situación, por el Este con Eugenio Alvarado y por el Oeste con la Calle Santa Rita.''

Solicitó el demandado la cancelación del embargo trabado sobre una de las dos casas de su propiedad, por ser ella la finca de hogar seguro (*homestead*) habitada por él y los demás miembros de su familia como residencia, alegando que el inmueble de referencia. está exento de embargo, sentencia o ejecución de acuerdo con la ley.

Ajustándose a las disposiciones del artículo 14 de la Ley para Asegurar la Efectividad de Sentencias, la corte dictó una orden disponiendo que las partes fuesen citadas para una comparecencia, en cuyo acto se celebraría el juicio correspondiente y se harían y practicarían las pruebas que a cada una de las partes interesase.

Interpuso el demandante oposición a que se dejase sin efecto el embargo, entre otras razones por carecer la Corte de Distrito de Guayama de jurisdicción para resolver una reclamación de hogar seguro, cuya cuantía es de $200. Bueno es hacer constar que el demandado fija a la propiedad que considera exenta de ejecución un valor de $200, mientras que el demandante le asigna un precio de $500.

La corte inferior se consideró sin jurisdicción para resolver la cuestión planteada, sobre la cual tendría necesariamente que recaer una resolución con respecto a los derechos del demandado a su alegado hogar seguro, y declaró sin lugar la moción por el mismo presentada. Contra esta resolución es que se interpone el presente recurso de apelación. Alega el apelante que la corte inferior erró al negarse a anular el embargo trabado y resolver que carece de jurisdicción para ello por versar la moción en solicitud de nulidad de embargo sobre un derecho o finca de hogar seguro cuya cuantía no excede de $500.

Arguye el demandado que cuando una corte adquiere jurisdicción o la tiene por la ley para conocer de una causa, la tiene asimismo para conocer y resolver todas aque-

llas materias incidentales al asunto principal o que se promuevan como incidencias del mismo, aun cuando al resolver estas cuestiones la corte sea llamada a considerar y decidir materias que de habérseles planteado o sometido en virtud de demanda o como causa de acción original, no estarían dentro de su esfera jurisdiccional. La teoría del demandado es que las cortes que conocen de lo principal pueden conocer también de lo accesorio o incidental. A juicio del apelante, cuando la ley exime de embargo o ejecución un bien determinado que ha sido embargado por una orden de la corte, tal embargo adolece del vicio de nulidad y no es mediante una demanda que debe solicitarse el privilegio de la exención, sino en virtud de una moción en la cual se alegue el hecho del embargo y su nulidad, porque, de acuerdo con la ley, no puede trabarse sobre bienes que están exentos de ejecución. Esa moción, según el demandado, debe radicarse donde se haya incoado la acción y ante la corte que ordenó el embargo.

En Puerto Rico los embargos se decretan y se tramitan de acuerdo con la ley titulada sobre aseguramiento de efectividad de sentencias, aprobada en marzo de 1902. El artículo 14 de esta ley dice así:

"Todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio con relación al aseguramiento de sentencia, se sustanciarán en pieza separada, dándose traslado a la parte contraria, con citación para una comparecencia ante cualquiera de los jueces, en la cual se propondrán y practicarán las pruebas que cada una de las partes propusieren y fueren pertinentes, resolviéndose acto seguido por el tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculo PARA LA CONTINUACIÓN DEL PLEITO PRINCIPAL. Entre la citación y la comparecencia de estos juicios verbales no mediará un término mayor de cinco días y no se suspenderá la celebración por ningún motivo. Toda resolución del tribunal será ejecutoria desde luego, pudiendo consignarse por la parte perjudicada la oportuna protesta a los efectos del recurso que la ley de procedimientos le conceda contra la sentencia definitiva."

No hay duda alguna de que la corte de distrito actuó dentro de su jurisdicción al decretar el embargo de las dos casas

propiedad del demandado. Tampoco puede haberla de que tiene jurisdicción para declarar si esos bienes están o no exentos de embargo. El procedimiento a seguir cuando se embargan bienes que la ley exime de ejecución es solicitar que se excluyan de la orden de embargo, previa prueba del carácter de los bienes y de su valor, cuando sea necesario fijarlo. El derecho de hogar seguro no debe ser una excepción a la regla general, aunque la corte tenga que hacer una declaración acerca de la existencia de este derecho para decretar que los bienes están exentos de ejecución. El procedimiento es sencillo y rápido, evita litigios posteriores y ofrece amplias garantías a las partes contendientes, quienes pueden holgadamente y sin dificultades, presentar su prueba y defender sus respectivos derechos en el juicio verbal autorizado por el artículo anteriormente transcrito.

La corte inferior nos dice en su opinión que este tribunal, en distintas decisiones y entre ellas las de *Peterson* v. *Contreras,* 42 D.P.R. 492; *Arroyo* v. *Corte de Distrito de San Juan,* 38 D.P.R. 10; *Duchesne* v. *Corte de Distrito de San Juan,* 38 D.P.R. 14; *Hedilla* v. *Monagas,* 38 D.P.R. 27, ha sostenido que las cortes municipales y no las de distrito son las que tienen jurisdicción para conocer de una acción en la que se reclama el derecho de hogar seguro, y añade, citando el caso de *Cueto* v. *Corte de Distrito,* 37 D.P.R. 246, que la alegación de hogar seguro requiere una contestación, la celebración de un juicio y una sentencia resolviendo la cuestión propuesta.

En *Cueto* v. *Corte de Distrito* los demandados en un procedimiento ejecutivo hipotecario presentaron una contestación a la demanda y una contrademanda alegando que en la propiedad hipotecada tenían constituído su hogar seguro y solicitando que la demanda fuese declarada sin lugar. Se resolvió que de acuerdo con la Ley Hipotecaria y su reglamento los demandados no tenían derecho a presentar en el procedimiento ejecutivo su alegación de contestación ni de contrademanda, por no referirse a ninguna de las cuestiones

que están autorizadas en este procedimiento y no poder resolverse en el mismo si en la finca hipotecada se había constituído el hogar seguro de los demandados ni si el ejecutante estaba obligado a respetarlo.

Entonces fué que la corte dijo, refiriéndose a la alegación allí formulada, que requería "una contestación, la celebración de un juicio y una sentencia resolviendo la cuestión propuesta, o sea, un juicio ordinario dentro de un procedimiento especial y sumario, lo que pugna con la naturaleza del juicio ejecutivo hipotecario y está en contra del artículo 175 del reglamento de la ley hipotecaria." El fallo en este caso se dictó por mayoría. La opinión de la corte fué escrita por el Juez Aldrey. El Juez Wolf escribió una opinión concurrente. El Juez Hutchison escribió una opinión disidente con la cual estuvo conforme el Juez Presidente Sr. del Toro, de la cual copiamos lo que sigue:

"La orden de la corte inferior, por lo tanto, no interrumpió, entorpeció o suspendió parte alguna del procedimiento sumario prescrito por la Ley Hipotecaria y su Reglamento. Pero aún en el 'juicio declarativo' a que se relega el demandado por el artículo 175 del Reglamento, él tendría derecho a hacer que el producido de la venta se retenga bajo la custodia de la corte, ínterin se determinen sus derechos en tales pleitos por separado. Dentro de las circunstancias, nos es difícil comprender por qué razón la reclamación del hogar seguro, que sólo afecta la cuestión de la venta o la disposición o distribución del producido, no puede ser determinada bien por virtud de una moción o de una contrademanda y dirimida tanto en el procedimiento ejecutivo como en una acción independiente. No sólo tendería esta práctica a evitar multiplicidad de acciones, sino que, si se resuelve la cuestión así levantada, haría que los compradores en perspectiva pudieran averiguar qué parte, si alguna, de la propiedad hipotecada, había sido excluída, en vez de desalentar las ofertas de los postores debido a informes vagos sobre una reclamción pendiente de dirimirse por medio de un acción independiente."

A juzgar por la opinión escrita por el Juez Aldrey, lo que realmente se resolvió en el caso mencionado fué que una alegación de hogar seguro no puede interponerse en un proce-

dimiento ejecutivo hipotecario dado el carácter especial y sumario del mismo y las disposiciones de la ley y el artículo 175 de su reglamento; pero nada se dijo con respecto a si procede o no formular esta alegación en un pleito ordinario ante una corte de distrito cuando se embargan bienes sobre los cuales el demandado pretende haber constituído su hogar seguro.

Arguye el demandante apelado que el artículo 249 de nuestro Código de Enjuiciamiento Civil, que además del *homestead* declara exentos de ejecución determinados bienes, es idéntico al 4480 del Código de Enjuiciamiento Civil de Idaho, y cita el caso de *Mason* v. *Lieuallen,* 4 Idaho 415, 39 Pac. 1017, donde se solicitó la disolución de un embargo sobre bienes considerados exentos de ejecución. De acuerdo con la ley vigente en Idaho, el único fundamento que autoriza la disolución de un embargo es que el auto haya sido impropia o ilegalmente expedido. La Corte Suprema de dicho estado, citando una opinión del Tribunal Supremo de Nebraska, se expresó así:

"En el caso de Quigley v. McEvony (Neb.) 59 N. W. 767, que es el único caso, citado donde las cuestiones decididas son similares a las que se discuten en esta apelación, la corte dijo: 'No creemos que sea competente o una buena práctica, cuando el auto se dirige contra propiedad inmueble perteneciente al deudor, permitir que la cuestión de hogar seguro se establezca como una de las razones para dejar sin efecto el embargo. La vista se basa en *affidavits* más o menos hábilmente preparados, conforme a la habilidad o falta de ella en esta rama particular de la parte que los redacta, o su esmero artístico o carencia del mismo en cuestiones de *affidavit.* Es para nosotros indiscutible que la cuestión de si la premisas constituyen o no hogar seguro debe ser determinada en procedimientos instituídos en la forma ordenada por nuestra ley, y si hay desacuerdo esta cuestión debe resolverse en una acción adecuada ante una corte, en la cual los puntos en controversia puedan ser regularmente presentados y el asunto juzgado en la forma prescrita por la ley para los juicios de cuestiones de hecho y de derecho; y que los fines de la justicia quedarán mejor servidos mediante este último curso de procedimiento que por la determinación de la cuestión de hogar seguro en el curso de una audiencia sobre una

moción para dejar sin efecto el embargo.' Con esta conclusión noso-
tros estamos completamente de acuerdo. El estatuto de Nebraska no
limita como el de Idaho los motivos en que debe basarse una moción
para dejar sin efecto un embargo, a la expedición irregular o im-
propia del auto.''

Los argumentos utilizados por la Corte Suprema de Ne-
braska no pueden aplicarse rigurosamente a la ley vigente en
Puerto Rico. Entre nosotros la vista no se basa en *affidavits*
que puedan prepararse con más o menos habilidad, según ex-
pone dicha corte, sino en la prueba que se aporta ante el tri-
bunal en un juicio verbal donde los testigos pueden ser am-
pliamente interrogados por ambas partes, bajo la inmediata
vigilancia del juzgador que escucha su testimonio y lo depura
y aclara en el crisol de su discernimiento judicial. El ar-
tículo 14 de la Ley para Asegurar la Efectividad de Senten-
cias dispone, (1) el trámite en pieza separada de las cues-
tiones planteadas con relación al aseguramiento de sentencia;
(2) la notificación o traslado de la moción a la parte contra-
ria, la cual podrá contestar; (3) señalamiento de una vista;
y (4) celebración de un juicio verbal en el cual se propon-
drán y practicarán las pruebas que cada una de las partes
propusiere y fueren pertinentes. Luego de todo esto la re-
solución que dicta la corte después de celebrada la vista es
apelable, de acuerdo con el artículo 295 del Código de En-
juiciamiento Civil. Es éste un juicio verbal donde la cues-
tión de hogar seguro puede ser ampliamente discutida y re-
suelta por el tribunal que decretó el embargo, sin necesidad
de someter a la parte interesada a las inconveniencias de
interponer una acción independiente. Los principios de la
justicia quedan de este modo perfectamente cumplidos. La
ley declara de una manera expresa que el hogar seguro no
está sujeto a ejecución. Permitir el embargo de bienes del
demandado y su ejecución después de haberse planteado por
el mismo la alegación de hogar seguro, bajo el pretexto de
que la corte carece de jurisdicción, equivale a dejar sin efecto
las disposiciones de la ley decretando que esta propiedad está

exenta de ejecución. Si el demandado realmente ha constituído su hogar seguro y se le obliga a interponer un pleito para hacer valer sus derechos y se embargan y ejecutan sus bienes, hay que convenir en que se está haciendo lo mismo que la ley expresamente prohibe sobre una propiedad declarada exenta de ejecución.

No es el derecho de hogar seguro una cuestión tan complicada de suyo que no pueda resolverse mediante una moción con audiencia de todas las partes y protección de todos los intereses envueltos en la controversia establecida.

En el caso de *Buonomo* v. *Corte Municipal de Caguas,* 39 D.P.R. 882, al ejecutarse una sentencia dictada por la corte municipal se anunció la venta en pública subasta de una finca del deudor previamente embargada en el pleito. El mismo día designado para la subasta el referido deudor, sin notificar a la parte contraria, presentó una moción alegando que había constituído su hogar seguro en la finca mencionada. La corte, sin dar intervención al demandante en el pleito, ordenó al márshal que se abstuviera de proceder a la ejecución del inmueble, en caso de que el valor que se asignase definitivamente a la finca fuere menor de $500, por estar la misma exenta de ejecución, pero que si el valor asignado definitivamente en las posturas excediera de $500, entonces procediera a hacer la ejecución correspondiente y consumara la venta en pública subasta, debiendo entregar al demandado dichos $500, y al demandante solamente el exceso sobre los mismos. La resolución de la corte municipal fué anulada por la corte de distrito en un procedimiento de *certiorari.* Esta corte, al confirmar en apelación la sentencia anulando el auto, se expresó así:

"Cualquiera que sea la diferencia de criterio de los jueces que componen este tribunal, existe una conformidad absoluta entre todos en que para ejercitar el derecho de *homestead* debe seguirse el debido proceso de ley que de modo tan admirable describió Webster en su argumentación en el caso de Darmouth College, así: 'una ley que oye

antes de condenar, actúa por virtud de investigación y dicta sentencia solamente después de un juicio.' ''

La Ley sobre Aseguramiento de Sentencias ofrece todas estas garantías en el juicio verbal autorizado por su artículo 14.

En el tomo 29 de Corpus Juris, página 73, se dice:

''Se ha sostenido que cuando una corte ha adquirido jurisdicción de una causa, puede concederse el *homestead* cuando tal concesión es una incidencia necesaria al propio ejercicio de la jurisdicción ya adquirida por otras razones; pero también se ha sostenido que cuando la corte tiene jurisdicción para separar el *homestead* como tal incidencia necesaria, no puede ejercerse el poder para seguirlo, a menos que se haya adquirido jurisdicción por otros fundamentos.''

En el caso de *Arnold* v. *Jones,* 77 Tennessee 546, se estableció una acción para recobrar una parcela de terreno. El caso se resolvió, en favor del demandante pero la corte nombró comisionados para separar el hogar seguro del demandado y su esposa. Se alegó que la corte, al dictar su sentencia, estaba obligada a fallar en favor del demandante o del demandado, pero que no tenía autoridad para nombrar comisionados para separar el hogar seguro en la forma en que se hizo. La Corte Suprema de Tennessee se expresó así:

''No tenemos nosotros ninguna ley aplicable a este caso preciso. Tenemos una disponiendo la separación del hogar seguro bajo la dirección de un funcionario diligenciando una ejecución o un embargo, pero éste no es el caso. La corte decidió correctamente, de acuerdo con nuestras decisiones, que el derecho de hogar seguro no fué trasmitido por la escritura del *trustee.* No pudo, por lo tanto, expedir un auto de posesión con respecto a dicho hogar seguro, que no puede ser afectado. El demandante, sin embargo, tenía derecho al resto del terreno y a un auto de posesión para incautarse del mismo. Fué necesario que la corte, a fin de que pudiera ejecutarse la sentencia, fijara el hogar seguro o procurara que se fijara en alguna forma bajo su autoridad. . . .

''En una acción para recobrarse propiedad inmueble (*ejectment*), la sentencia se ejecuta por medio de un auto de posesión expedido al *sheriff* ordenándole que ponga al demandante en posesión de las premisas. Hacer esto en el presente caso antes de establecer el *home-*

*stead,* sería exponer a las partes a las inconveniencias o gastos de otra demanda para dejar establecido el hogar seguro y entonces expedir un auto de posesión o de restitución por la corte que privó de la posesión a las partes erróneamente. Parece que todo esto debe evitarse, de acuerdo con los principios del derecho común, de que cada corte tiene el poder inherente de ejecutar sus propios decretos, lo que necesariamente envuelve el uso de los medios legales para llegar a este fin.''

*Debe revocarse la resolución apelada, y devolverse el caso para ulteriores procedimientos en armonía con los principios establecidos en esta opinión.*