# COLECCIÓN
## DE LAS SENTENCIAS Y RESOLUCIONES
### DICTADAS POR EL
# TRIBUNAL SUPREMO DE PUERTO RICO.

SCHRODER *v.* AYUNTAMIENTO DE MAYAGÜEZ ET AL

No. 49.—Resuelto en Mayo 14, 1904.

DOCUMENTOS PÚBLICOS—TERCERO.—Los documentos públicos hacen prueba, aún contra tercero, de su fecha y del hecho que hubiere motivado su otorgamiento.

PRUEBAS—TESTIGOS.—La declaración de un testigo, por honrado que sea, no constituye prueba plena de los hechos sobre que la misma verse, y ménos aún en los casos en que haya de irrogarse algún perjuicio á terceras personas.

ID.—OBLIGACIONES.—La prueba de las obligaciones incumbe al que reclame su cumplimiento en juicio.

HIPOTECA—CONTRIBUCIONES.—La hipoteca legal preferente que tienen el Estado, la Provincia ó el Municipio, para el cobro de la última anualidad de 'los impuestos que graven á los bienes se entiende en relación con los bienes inmuebles, ó los que tengan la consideración de tales, que son los únicos sujetos á hipoteca.

TERCERÍA.—Las tercerias de dominio habrán de fundarse en el dominio de los bienes embargados, y por consiguiente, para que sean procedentes, no solo es necesario justificar el dominio de los bienes que se reclamen, sino que es condición precisa que tales bienes estén sujetos á embargo.

## EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de Mayagüez, entre partes, de la una, Don Federico Schroder, demandante, y de la otra, el Ayuntamiento de dicha Ciudad y Don Federico Philippi, en su carácter de gestor de Schulze y Compañía, este último en rebeldía, ambos demandados, sobre tercería de dominio; cuyo juicio pende ante Nos á virtud de recurso de casación, hoy de apelación, interpuesto por

el tercerista contra la sentencia pronunciada por dicho Tribunal, habiendo representado á la parte apelante ante esta Corte Suprema el Letrado Don Robustiano Biaggi, sin que hayan comparecido las partes apeladas.

*Resultando*: que la sentencia recurrida copiada á la letra dice así:

"Sentencia.—En la ciudad de Mayagüez, á catorce de Diciembre de mil novecientos dos, visto en juicio oral y público los presentes autos declarativos, seguidos entre partes: de una, como demandante, el Letrado Don Luis Campillo, en representación de Don Federico Schroder, mayor de edad, soltero, comerciante y vecino de esta ciudad; y de la otra, como demandados, el Lcdo. Don Pascasio Fajardo, como mandatario del Ayuntamiento de esta ciudad; y Don Federico Philippi, en su carácter de gestor de Schulze y Compañía, este último en rebeldía.

*Resultando*: que el Letrado Don Luis Campillo, en representación de Don Federico Schroder, dedujo demanda incidental de tercería de dominio con fecha dos de Junio del corriente año, contra el Ayuntamiento de esta Ciudad, y Don Federico Philippi, basándola en los siguientes hechos: que en el expediente de apremio seguido por el citado Ayuntamiento contra el mencionado Sr. Philippi, como gestor de Schulze y Compañía, en cobro de contribuciones, se embargaron los siguientes bienes: una caja de hierro, una id. de id., un escritorio enchapado, un id, para maquinilla, un id. tapa recórte, cinco id. altos, un reloj de pared, dos sillas para escritorio, dos id. altas, una prensa de pie para copiar, un sillón de bejuco, una silla de Sala, un escritorio de pino, una silla para el mismo, una romana número 5, una id. número 7, una id. para grandes pesos, tres mesas para escojer café, una id. id. id., veinte quintales café, un armario pino, una carretilla, un mostrador con alambrado, un enrejado pichipén cinco puertas de alambre, veinte y cinco sacos vacíos y ocho tubos de hierro; que por escritura de primero de Enero de 1901, su representado adquirió de los Señores Schulze y Compañía los objetos siguientes: entre otros, una caja de hierro, siete escritorios, siete sillas, sesenta mesas para trillar café dos romanas y una descascaradora de café; que los demás bienes embargados también eran de la propiedad de su mandante: que por escritura de veinte y siete de Abril de 1901 su representado adquirió de Don Genaro Ramírez el edificio donde se hallan los muebles de referencia y del que forman parte las cinco puertas de alambre embargadas; suplicando al final

de su escrito-demanda, que, prévio los ·trámites legales, se declarase
con lugar, mandando á levantar el embargo practicado sobre los
bienes enumerados, con las costas á cargo de los demandados, acom-
pañando los siguientes documentos : testimonio de la escritura otor-
gada en primero de Julio de 1901 por Schulze y Compañía á favor
de Don Federico Schroder, otro id. de la escritura otorgada en 27 de
Abril de 1901 por Don Genaro Ramírez á favor del propio Sr. Schro-
der y un ejemplar del diario local titulado ''La Bandera Americana''
correspondiente al 26 de Mayo último, donde aparece el anuncio de
la subasta anunciada de los referidos bienes, por Don N. Fajardo,
Alcalde de esta Ciudad.

*Resultando* : que admitida la demanda se dió de ella traslado á
los demandados, contestándola el Lcdo. Sr. Fajardo en nombre del
Ayuntamiento de esta Ciudad, oponiéndose á la misma, bajo los
siguientes hechos : que desde 1899 viene adeudando las contribuciones
á la Municipalidad de esta Ciudad la mercantile Schulze y Com-
pañía, cuyas contribuciones no se habían hecho efectivas en la
correspondiente forma por promesas de pago que, sin cumplir, siem-
pre hizo la ameritada mercantil, hasta que cansada de aguardar la
municipalidad procedió á hacerlas efectivas ; que la mercantil deu-
dora, olvidando los preceptos vigentes, pasa en venta, según se com-
prueba por los documentos acompañados, no sólo los inmuebles, si que
también los muebles, pretendiendo incluir el tercerista, en la acción de
ducida, bienes cuyo dominio no le ha sido trasmitïdo, según se comprue-
ba con los mismos documentos por él acompañados ; que los muebles
vendidos por el Sr. Philippi al Sr. Schroder, por la escritura de pri-
mero de Julio de 1901, son : una caja de hierro, siete escritorios, siete
sillas, sesenta mesas para trillar café, dos romanas y una separador de
café y que en el edicto publicado por la Alcaldía se incluyen, además,
los siguientes : un escritorio tapa de resorte, un reloj de pared, dos si-
llas para escritorios, una prensa de pié para copiar, una silla para la
misma, un sillón bejuco, veinte quintales de café, un armario pino,
una carretilla, un mostrador con alambre, un enrejado pixtpean, cinco
puertas de alambre, veinte y cinco sacos vacíos y ocho tubos de
hierro ; y que siendo precepto terminante que deberá continuarse el
procedimiento de apremio en cuanto á los bienes no comprendidos en
la tercería, es de justicia que así se haga en el presente caso ; y que
desde luego se oponen al dominio absoluto que pretende tener el ter-
cerista sobre los bienes embargados, dada la hipoteca legal de que
goza el Municipio para el cobro de las contribuciones atrasadas, su-
plicando que en su día se rechazara la tercería interpuesta, decretar

sin lugar la suspensión del procedimiento decretado respecto á los bienes no vendidos, y en su día declarar sin lugar la tercería con costas.

*Resultando*: que por no haber contestado en tiempo la demanda los Señores Schulze y Compañía, les fué acusada, á petición del actor, la rebeldía,, y declarados tales rebeldes por providencia de 4 de Setiembre último, que les fué notificada personalmente.

*Resultando*: que convocadas las partes á una comparecencia para proponer pruebas, propusieron la documental, confesión, cotejo y testifical, las que fueron declaradas pertinentes por auto de 23 de Octubre pasado, mandándolas á practicar con citación de la parte contraria.

*Resultando*: que una de las pruebas practicadas en el acto del juicio oral del litigio actual fué la deposición del testigo D. Enrique Guggenbuhl, quien declaró que el día cinco de Marzo del corriente año envió á Don Federico Schroder treinta sacos de café en pergamino, que pilados quedaron reducidos á veinte, y que ignora si han sido ó no embargados.

*Resultando*: que el juicio oral del presente declarativo se celebró el día 29 de Noviembre próximo pasado, en cuyo acto los abogados directores de las partes alegaron en pró de sus respectivos patrocinados lo que á su derecho creyeron pertinente, habiéndose procedido á la votación de la sentencia, el día 9 del actual, en que lo fué por unanimidad, constituido el Tribunal en audiencia pública.

*Resultando*: que en la tramitación de este pleito se han guardado las reglas del procedimiento.

*Visto*, siendo Ponente el Juez Asociado Don Luis Méndez Vaz.

*Considerando*: que el actor ha demostrado por medio de los testimonios de las escrituras públicas que corren unidos á estos autos, que le pertenecen en plena propiedad y dominio los objetos siguientes: una caja de hierro, siete escritorios, siete sillas, sesenta mesas, dos romanas, una separadora de café y cinco puertas de alambre, pues si bien estas últimas no se mencionan expresamente en el testimonio de 27 de Abril de 1901, no hace falta tal mención pues formando parte del inmueble que en dicha escritura adquirió el tercerista, en él vienen incluidas mientras no se pruebe lo contrario.

*Considerando*: que los documentos públicos hacen prueba aun contra tercero del hecho que motiva su otorgamiento y de la fecha de éste.

*Considerando*: que si bien el actor, para demostrar la propiedad de los quintales de café embargados en el procedimiento de apremio,

ha presentado la declaración del testigo Guggenbuhl, semejante clase de prueba carece de eficacia necesaria para probar lo que se propone el tercerista, por cuanto no constituye prueba plena la declaración de un testigo, por honrado que éste sea, y mucho menos cuando con ella ha de irrogarse un perjuicio á terceras personas.

*Considerando*: que no habiéndose producido ningún género de pruebas en cuanto á los demás bienes embargados, debe desestimarse la presente demanda en cuanto á los mismos por incumbir la prueba de las obligaciones al que reclama su cumplimiento en juicio y que "actore non probante reus est absolvendus."

*Considerando*: que si bien el Estado, la Provincia y el Municipio tienen una hipoteca legal preferente para el cobro de una anualidad de los impuestos que graven á los bienes, esto se entiende tratándose de inmuebles, pues de una manera clara y taxativa así lo dispone el artículo 218 de la Ley Hipotecaria, y por ser esta clase de bienes, y los que tienen la consideración de tales, sobre los únicos que puede constituirse hipoteca, según el artículo 106 de la citada Ley Hipotecaria.

*Vistos* los artículos citados y demás de aplicación del Código Civil y la Ley de Enjuiciamiento Civil, así como la Orden General 118.

*Fallamos*: que debemos declarar y declaramos con lugar la presente demanda de tercería de dominio en cuanto á los siguientes objetos: una caja de hierro, siete sillas, siete escritorios, sesenta mesas, dos romanas, una separadora de café y cinco puertas de alambre, cuyos bienes deben dejarse por el Ayuntamiento á la libre disposición de su dueño, alzándose el embargo en ellos practicado. Sin lugar en cuanto á los restantes objetos embargados, contra los cuales podrá continuarse la vía de apremio, todo sin especial condenación de costas. Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos."

*Resultando*: que contra esa sentencia interpuso la representación de Don Federico Schroder recurso de casación que le fué admitido como de apelación, y elevados los autos á esta Corte Suprema, previa citación y emplazamiento de las partes, personado el apelante, se dió á dicho recurso la tramitación correspondiente, señalándose día para la vista, que tuvo lugar sin asistencia de Letrado alguno.

Abogado del apelante: *Sr. Biaggi.*

La parte apelada no compareció.

El Juez Asociado, Sr. Hernández, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y derecho de la sentencia apelada, menos la primera consideración de derecho en cuanto por ella se estima probado que el actor ha justificado también el dominio de las cinco puertas de alambre embargadas, pues éstas no se mencionan en ninguna de las escrituras que se presentan como justificantes de la demanda, ni siquiera se indica que forman parte de los inmuebles que adquirió el tercerista por la escritura de 27 de Abril de 1901.

*Considerando*: que según el artículo 1530 de la Ley de Enjuiciamiento Civil, las tercerías de dominio habrán de fundarse en el dominio de los bienes embargados, y que, por tanto, para que sean procedentes, no basta justificar el dominio sobre los bienes que se reclaman, sino que además es condición precisa que éstos estén sujetos á embargo.

*Vistos* los textos legales citados por el Tribunal sentenciador y la Ley de 12 de Marzo del año próximo pasado transformando este Tribunal Supremo, en Corte de Apelación.

*Fallamos*: que confirmando, en lo conforme, y revocando, en lo demás, la sentencia apelada, debemos declarar y declaramos con lugar la demanda de tercería de dominio interpuesta por Don Federico Schroder, en cuanto á los bienes muebles comprendidos en la escritura de primero de Julio de 1901, que hayan sido embargados en el expediente de apremio seguido contra Schulze y Compañía, en cobro de contribuciones, quedando esos bienes á la libre disposición de Schroder; y sin lugar, en cuanto á los bienes restantes, que no están comprendidos en dicha escritura ó que, comprendidos en la misma, no hayan sido embargados, pudiendo continuarse el procedimiento de apremio sobre los bienes embargados que no fueron objeto de la mencionada escritura, con las costas del juicio en la forma ordinaria y las del recurso á cargo de la parte apelante; y devuélvanse los autos

al Tribunal de Distrito de Mayagüez con la certificación correspondiente.

Jueces concurrentès: Sres. Presidente Quiñones, y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.